WRIGHT v. BOND.

(October 16, 1900.)

1. *Mandamus—Execution—Sheriff.*

> Mandamus will not lie to compel a sheriff to sell land liable to
> execution, where there is an adequate remedy at law.

2. *Homestead—Execution—Exemptions.*

> The acquisition of an additional interest in property subsequent
> to the levy of an execution will not deprive the owner of
> his homestead exemption.

3. *Fraud—Debtor—Judgment—Execution.*

> It is not fraud to acquire such an additional interest in land as
> to entitle the owner to a homestead and thereby defeat the
> levy of an execution.

APPLICATION for Mandamus by Augustus Wright against
Turner C. Bond, as sheriff of Bertie County, and C. L. Henry,
heard by Judge *H. R. Starbuck,* at May Term, 1900, of BER-
TIE Superior Court.    From a judgment refusing mandamus,
the plaintiff appealed.

*Martin & Peebles,* for plaintiff.
*Francis D. Winston,* for defendants.

FURCHES, J.    The plaintiff has three judgments against
one Henry, amounting to more than $300, docketed in the
clerk's office of the Superior Court of Bertie County on the
8th day of January, 1900, and therefore a lien on any land
he may own, lying in Bertie County, for ten years from the
date of docketing.    The plaintiff has caused executions to be
issued on said judgments, and placed them in the hands of the
defendant, who is sheriff of said county of Bertie.    At the

time these executions were issued and placed in the hands of the defendant sheriff, the said Henry, defendant in said judgments, owned the remainder after the dower estate of his mother in thirty-one acres of land lying in said county. And it is agreed that said land is worth $303.50, and that said Henry owns no other real estate; that the defendant levied said executions on said land, and advertised the same for sale thereunder, but before any sale was made the mother released and conveyed all her interest in said thirty-one acres of land to the defendant in said judgments, and he demands that his homestead exemption shall be laid off and assigned to him thereon. This the defendant proceeded to have done, and, there being no excess, declined to sell said land for the plaintiff's debts. The plaintiff thereupon brings this action, and asks the Court to issue a writ of mandamus commanding the defendant to proceed to sell said land, and to apply the proceeds to his judgments. It seems to us that, if the plaintiff has a remedy against the defendant, it is not in this action. The executions themselves are commands to the sheriff to proceed to sell such property as the defendant Henry may have, liable to execution and sale. And, if he has not done this, he and his sureties are liable by attachment, and in an action upon his bond; and there is no allegation or suggestion that the defendant is insolvent, or that his bond is not good. And, as a matter of law, we know that the plaintiff's lien continues for ten years, and longer, if he is prevented from enforcing it on account of the homestead; that, while the writ of mandamus will issue in proper cases to compel public officers to perform ministerial duties, it must be in cases where the party asking it does not have the ordinary legal remedies by which he can have redress for his wrongs. *Hughes v. Commissioners,* 107 N. C., 598. But from the argument of counsel, it would seem that it was expected that we should decide whether

the defendant Henry was entitled to have his homestead in this land; and, while we can not admit that this question is properly before us, it may be not improper for us to express our opinion upon this question. The plaintiff admits that, if the defendant Henry had acquired his mother's life interest in this land before he docketed his judgment, he would be entitled to his homestead. But he contends that under the ruling of this Court in *Murchison v. Plyler,* 87 N. C., 79, the defendant Henry would not have been so entitled at the time he docketed his judgments, and the acquisition of the life estate after that time was a fraud on his rights. This, it seems to us, would be to reverse the doctrine of frauds. The question of fraud is not unfrequently presented where a debtor disposes of his property. But no case has been called to our attention, and we do not think any can be found, where the creditor alleged fraud upon the ground that the debtor had acquired more property than he had when the debt was made or the judgment taken. The plaintiff, by docketing his judgment, acquired no estate in the land. His docketed judgment was only a lien on the land, and he has that now. He has been deprived of no vested right, and we are at a loss to see what legal right he has been deprived of. The judgment below, refusing the mandamus, is affirmed.

Affirmed.