STATE EX REL. JOHNSON, RELATOR, *v.* COLLINS, SHERIFF, RESPONDENT.

(No. 2,888.)

(Submitted July 6, 1910.   Decided July 7, 1910.)

[110 Pac. 526.]

*Claim and Delivery—Redelivery Bond—Sureties—Failure to Justify—Duty of Sheriff—Mandamus—When Proper Remedy.*

Claim and Delivery—Redelivery Bond—Sureties—Failure to Justify—Duty of Sheriff—*Mandamus*—Application—Sufficiency.

1. Application for writ of mandate, made to the supreme court, to compel a sheriff to deliver possession of personal property, seized in an action in claim and delivery and thereupon redelivered to defendant upon his furnishing the bond provided for by section 6631, Revised Codes, to plaintiff in such action because of the failure of defendant's sureties to justify, *held*, sufficient as against the contention that it did not show that the relator had exhausted his remedies in the district court, where, though not stating in terms that he had moved that court for an order requiring the officer to perform the duty imposed upon him by section 6632, it did appear therefrom that he had made application for relief and was denied it.

Same—*Mandamus*—Adequate Remedy at Law—What Constitutes.

2. To defeat the issuance of a writ of mandate on the ground that relator has a plain, speedy and adequate remedy in the ordinary course of law, the remedy must be one which itself enforces in some way the performance of the particular duty enjoined, and not merely one which in the end saves the party to whom the duty is owed unharmed by its nonperformance.

Same—*Mandamus*—Failure of Sureties to Justify—Duty of Sheriff.

3. *Held*, that where defendant in a claim and delivery action, after seizure of the property by the sheriff, desires a redelivery thereof to himself, he must not only tender to the officer the redelivery bond provided for by section 6632, Revised Codes, but also have the sureties on said bond justify, in the same manner as upon bail on arrest, as a condition precedent to his right to the return of the property, even though exception to their sufficiency is not taken by plaintiff, or notice thereof given to defendant; *held*, further, that defendant in such an action having failed to have the sureties justify, it was the duty of the sheriff, specially enjoined upon him by section 6632 above, to deliver possession to plaintiff, performance of which duty could be compelled by *mandamus*.

Same—Redelivery Bond—Right to Give—When Waived.

4. Where, in claim and delivery, defendant, at the time the sheriff served the papers and sought to take possession of the property, tendered to the officer a cash bond to retain the property, he thereby waived his right to thereafter tender a redelivery bond.

ORIGINAL application for writ of mandate by the state, on relation of John M. Johnson against John A. Collins, sheriff of Cascade county. Writ granted.

*Mr. H. S. McGinley* argued the cause orally in behalf of Relator.

*Mr. Sam Stephenson,* appearing in behalf of Respondent, argued the matter orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On the 26th of May of this year, J. M. Johnson commenced an action in the district court of Cascade county against Samuel Stephenson to recover the possession of certain personal property. The plaintiff in that action filed his affidavit as required by statute, gave an undertaking, and had his attorney indorse on the affidavit an order to the sheriff of Cascade county to seize the property in controversy. Thereafter, on the twenty-seventh day of May, the sheriff made due service on the defendant, who thereupon tendered to the sheriff cash in lieu of a redelivery bond or undertaking, but the amount so delivered was insufficient to meet the requirements of the statute. Thereafter the defendant Stephenson furnished to the sheriff a written undertaking, but the sureties thereon failed to justify within five days, or at all; and after the expiration of five days, and on the fourth day of June, the plaintiff demanded of the sheriff that he deliver possession of the property to him (plaintiff), which the sheriff refused to do. Application is now made to this court for a writ of mandate to compel the sheriff to take the property in controversy and deliver it to the plaintiff. Upon the filing of the petition in this court, an alternative writ of mandate was issued, and upon the return the sheriff appeared by counsel and filed a motion to quash the alternative writ and dismiss the proceedings, and upon this motion the cause was argued and submitted for our decision.

It is urged that the petition filed in this court does not show that the relator has exhausted his remedies in the district court; and while it is true that the petition here does not in terms state that petitioner moved the district court for an order requiring the sheriff to perform the duty imposed upon him by law, it does show that the petitioner made application to the district court for relief, which was denied him; and we are inclined to hold that the showing made is sufficient to justify the conclusion that the petitioner has exhausted his remedies in the district court, without obtaining the relief which he seeks, and to which he is apparently entitled.

It is also suggested that the petitioner has a plain remedy, by an action against the sheriff for damages; but in *Babcock* v. *Goodrich,* 47 Cal. 488, it is said: "To supersede the remedy by *mandamus,* a party must not only have a specific, adequate legal remedy, but one competent to afford relief upon the very subject matter of his application. (*Fremont* v. *Crippen,* 10 Cal. 212, 70 Am. Dec. 711.) It is clear that an action for damages against the auditor, for neglect of duty, would not be equally convenient, beneficial and effective as the proceeding by mandate, since it would not compel him to do the specific act which the law requires him to perform." (26 Cyc. 171.) The case of *Fremont* v. *Crippen,* 10 Cal. 212, 70 Am. Dec. 711, involved the question of the right of the plaintiff in an action to have a writ of restitution executed by the sheriff. On petition for rehearing, the supreme court said: "The only point made in the petition which was decided in the opinion is that plaintiff's remedy was by action on the sheriff's bond, and not by *mandamus.* This objection is not well taken; the statute provides that a *mandamus* may issue 'to any inferior tribunal, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station,' and shall issue in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. Now, the execution of final process is specially enjoined by law on defendant, as a duty resulting from his office of sheriff, and

in our opinion the plaintiff in this case has no plain, speedy or adequate remedy in ordinary course of law. It is true, he might sue defendant on his bond for the damages resulting from the nonperformance of his duty, but the possession of the property which has been adjudged to him can only be obtained by the present process and is the only adequate remedy. To supersede the remedy by *mandamus,* a party must not only have a specific, adequate legal remedy, but one competent to afford relief upon the very subject matter of his application. Neither a remedy by criminal prosecution (2 B. & A. 646) nor by action on the case for neglect of duty will supersede that by *mandamus;* since it cannot compel a specific act to be done, and is, therefore, not equally convenient, beneficial and effectual." (26 Cyc. 172.)

In *State ex rel. Brickman* v. *Wilson,* 123 Ala. 259, 26 South. 482, 45 L. R. A. 772, it is said: "The 'other remedy,' the existence of which will oust—or rather, prevent the invocation of—jurisdiction by *mandamus,* must be equally convenient, beneficial and effective as *mandamus.* (Citing cases.) It must be a remedy which will place the relator in *statu quo;* that is, in the same position he would have been had the duty been performed. (*Etheridge* v. *Hall,* 7 Port. (Ala.) 47.) Indeed, it must be more than this. It must be a remedy which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance."

Section 6631, Revised Codes, provides that in an action of claim and delivery the defendant may require the return of the property to him, upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties. Section 6632 then provides: "The defendant's sureties, upon notice to the plaintiff of not less than two nor more than five days, shall justify before the judge or clerk, in the same manner as upon bail on arrest; and upon such justification the sheriff must deliver the property to the defendant. The sheriff shall be responsible for the defendant's sureties until they justify, or until the jus-

tification is completed or expressly waived, and may retain the property until that time; but if they, or others in their place, fail to justify at the time or place appointed, he shall deliver the. property to the plaintiff.'' Section 6626 provides for an exception to the sufficiency of the sureties upon the undertaking furnished by the plaintiff; and it will be observed that under that section the sureties are not required to justify unless the defendant excepts to their sufficiency and gives notice to the plaintiff. But section 6632 above omits any requirement that written notice, or any notice, be given to the defendant that the sureties upon his redelivery bond are not deemed sufficient. We must assume that the legislature had some purpose in view in omitting that requirement. And if we are to arrive at the legislative intent from the language employed by the legislature, it becomes apparent at once that the duty is imposed upon the defendant, who seeks to recover the possession of his property in a claim and delivery action, to have the sureties on his redelivery bond justify as a condition precedent to his right to the return of the property. In other words, when the defendant seeks a redelivery of his property, he must tender to the sheriff a redelivery bond and give notice to the plaintiff of not less than two nor more than five days that the sureties will justify before the judge or clerk of the court, in the manner provided for the justification of sureties upon bail on arrest. The petition before this court shows that the defendant in the claim and delivery action failed to have the sureties on his redelivery bond justify at all; and section 6632, above, imposes upon the sheriff the duty, under such circumstances, to deliver possession of the property in controversy to the plaintiff. Upon the failure of the sheriff to make such delivery, the right of the plaintiff to the relief sought seems to be plain.

Section 7214 provides that the writ of mandate may be issued by the supreme court to any person to compel the performance of an act which the law specially enjoins as a duty resulting from an office. But it is suggested that the utmost relief that can be afforded by this court will be to command the sheriff to

take possession of the property, thereby leaving to the defendant in the claim and delivery action a right to tender a redelivery bond if he so desires. But the defendant in claim and delivery has waived his right by tendering the cash bond at the time the sheriff served the papers and sought to take possession of the property. While it may be true that, technically speaking, the sheriff never actually took possession of this property from the defendant, yet the facts disclose that substantially the same thing was done, and that it was by reason of the action of the defendant in that case that actual possession was not taken.

We think the facts sufficient to show that the plaintiff is entitled to the relief which he seeks, and a peremptory writ of mandate is directed to issue conformably with the prayer of the petition.

*Writ granted.*

Mr. Justice Smith concurs.

Mr. Chief Justice Brantly: In this case the right result has been reached, but I think by the wrong means. The application should have been for a writ of supervisory control, directed to the district court and requiring it to enforce the execution of its own process.

Rehearing denied September 13, 1910.