[No. 2098]
# STATE OF NEVADA, EX REL. M. SUGARMAN, PETI-TIONER, *v.* S. G. LAMB, AS SHERIFF OF HUMBOLDT COUNTY, RESPONDENT.

[138 Pac. 907]

1. REPLEVIN—RETURN OF PROPERTY TO DEFENDANT.

Rev. Laws, sec. 5128, relating to actions to recover possession of personal property, declares that the defendant may, within two days after the service of a copy of the affidavit and the undertaking, give notice to the sheriff, who has seized the property, that he excepts to the sureties, and, if he fails to do so, he shall be deemed to have waived all objection to the sureties. Section 5129 declares that, at any time before the delivery of the property to the plaintiff, the defendant, if he does not except to the sureties, may claim the property upon giving to the sheriff a written undertaking executed by two or more sureties, and section 5130 declares that the defendant's sureties, upon notice to the plaintiff of not less than two or more than five days, shall justify before the clerk or judge in the same manner as upon bail on arrest, and upon justification the sheriff shall deliver the property to the defendant. *Held*, that justification by defendant's sureties upon notice to plaintiff was a condition precedent to the delivery of the property to him; the plaintiff not being required to justify his sureties unless called upon by the defendant.

2. COURTS—MANDAMUS—ORIGINAL WRIT BY SUPREME COURT.

In an action for the possession of personal property, where the sheriff redelivered it to defendant, although defendant's sureties had not justified in accordance with the statute, and the trial court refused to issue a writ of *mandamus* compelling the sheriff to deliver the property to the plaintiff, plaintiff is entitled to petition the supreme court for the issuance of an original writ of *mandamus*, having exhausted his remedies below.

3. MANDAMUS—POSSESSION OF PROPERTY—DUTY OF SHERIFF.

In an action for the possession of personal property, the sheriff, after seizing it, redelivered it to the defendant, although defendant's sureties on his undertaking had not justified themselves before the clerk or the court as required by statute. The property still remained within the county. *Held* that, as Rev. Laws, sec. 5127, requires the sheriff, upon receipt of the affidavit, notice, and written undertaking executed by the plaintiff, to take the property and retain it in his custody until delivery to plaintiff or redelivery to the defendant after justification of the latter's sureties, the sheriff will by an appropriate writ of *mandamus* be compelled to retake the property and deliver it to plaintiff; the defendant having waived exceptions to plaintiff's sureties and not having established his own right to a return.

4. REPLEVIN—FEES AND EXPENSES OF SHERIFF.
    Under Rev. Laws, sec. 5133, the sheriff may retain possession
    of property taken in claim and delivery until his fees and
    expenses are paid.

ORIGINAL PROCEEDING by the State, on the relation of M. Sugarman, for a writ of *mandamus* against S. G. Lamb, Sheriff of Humboldt County.   **Writ issued.**

*Salter & Robins* and *Geo. B. Thatcher,* for Petitioner.

*C. A. Gillette* and *Thomas A. Brandon,* for Respondent.

By the Court, McCARRAN, J.:

This is an original proceeding in *mandamus.* The petitioner was the plaintiff in an action for claim and delivery in the district court of Humboldt County.   After the regular commencement of his action, by the filing of complaint and the issuance of summons, petitioner, in compliance with chapter 20 of the civil practice act of this state, claimed the delivery of certain personal property enumerated in his petition.   In accordance with his claim he made an affidavit setting forth the essential requisites under the civil practice act, and thereby required the respondent, as sheriff of Humboldt County, that being the county in which the personal property was situated, to take the personal property from the defendant.

It is admitted by the pleadings in this case that all of the steps necessary to justify the sheriff in taking possession of the property from the defendant were accomplished by the petitioner, as plaintiff in the case below. From the petition and answer in this proceeding it appears that the respondent, as sheriff, nominally took possession of the personal property.

Petitioner alleges that more than five days elapsed and no notice was served on him, as plaintiff in the action in the lower court, by respondent, or by any other person, that defendant required the return of the personal property, or that the defendant had given to the respondent

a written undertaking as prescribed by section 187 of the civil practice act, and no notice had been served on petitioner that defendant's sureties would justify before the judge of the district court, in which court the action was pending, or before the clerk of that court, as prescribed by section 188 of the civil practice act (Rev. Laws, sec. 5130). After the expiration of five days from the date of the taking of the property by the respondent, petitioner made demand on the respondent for the delivery of the property to him under section 187 of the civil practice act.

In the answer filed by respondent it is claimed that the defendant, in the action in the lower court, made demand and delivered an undertaking to respondent within five days from the date of the taking of the property by respondent, and that thereafter the sureties on the undertaking qualified before a notary public in and for the county of Humboldt. Respondent further states that the undertaking was approved by him in his official capacity as sheriff, and that after the delivery of the undertaking to respondent he returned the property to defendant. Having surrendered possession of the property, respondent alleges that he has not now legal control thereof.

[1] In our practice in matters of claim and delivery, section 5128, Revised Laws, prescribes: "The defendant may within two days after the service of a copy of the affidavit and the undertaking, give notice to the sheriff that he excepts to the sufficiency of the sureties. If he fails to do so, he shall be deemed to have waived all objection to them. When the defendant excepts, the sureties shall justify on notice in like manner as upon bail on arrest; and the sheriff shall be responsible for the sufficiency of the sureties until the objection to them is either waived, as above provided, or until they justify. If the defendant except to the sureties he cannot reclaim the property, as provided in the next section."

As appears from the record in this case, the defendant in the lower court did not except to the sufficiency of

plaintiff's sureties given in the latter's undertaking in claim and delivery; hence it follows that the defendant is deemed to have waived all objections that he might have to the sureties offered on the undertaking of plaintiff. The defendant having failed or refused to avail himself of the right of excepting to the plaintiff's sureties, he had the right to demand of the sheriff the return of the property taken as soon as he had complied with the provisions of section 5129 and section 5130, Revised Laws.

Section 5129 (section 187 of the civil practice act) prescribes: "At any time before the delivery of the property to the plaintiff, the defendant may, if he do not except to the sureties of the plaintiff, require the return thereof, upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties, to the effect that they are bound in double the value of the property, in gold coin of the United States, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for payment to him of such sum, in gold coin of the United States, as may for any cause be recovered against the defendant. If a return of the property be not so required within five days after the taking and serving of notice to the defendant, it shall be delivered to the plaintiff, except as provided in section 192."

Section 5130, being section 188 of the civil practice act, prescribes: "The defendant's sureties, upon notice to the plaintiff of not less than two or more than five days, shall justify before the judge or the clerk in the same manner as upon bail on arrest; and upon such justification, the sheriff shall deliver the property to the defendant. The sheriff shall be responsible for the defendant's sureties until they justify, or until the justification is completed or expressly waived, and may retain the property until that time. If they or others in their place, fail to justify at the time and place appointed, he shall deliver the property to the plaintiff."

Under the provision of the statute quoted above, where

the defendant requires the return of the property and, pursuant to his requirement, gives a written undertaking to the sheriff, the plaintiff is not required to except to the sufficiency of the sureties on the defendant's undertaking. On the contrary, the defendant must take the initiative and after giving notice to plaintiff, of not less than two days nor more than five days, proceed to have his sureties justify, either before the judge of the court in which the action was instituted, or before the clerk of that court, in the same manner as upon bail on arrest. These several acts are prerequisites to the return of the property to the defendant by the sheriff. After the sheriff has taken possession of the personal property in an action of this character, he is required by the statute to retain possession of the property until the time has expired in which the defendant may take advantage of the provision of the statute by demand for the return of the property and by filing his undertaking, giving notice to the plaintiff and justifying his sureties. But if a return of the property be not required by the defendant, within the time prescribed, or, if having made demand, the defendant fails to notify the plaintiff and fails to justify his sureties on the undertaking offered, the sheriff must, under the provisions of the statute, deliver the property to the plaintiff, unless the property taken be claimed by a third party, in which instance section 192 of the civil practice act (Rev. Laws, sec. 5134) prescribes the procedure to be followed.

After demand is made by the defendant for the return of the property and an undertaking is filed by him, should the plaintiff expressly waive justification of the sureties on the undertaking, such waiver, when filed and presented to the sheriff, would have the same force and effect as though the sureties had justified, and the sheriff would be authorized to restore the property to the defendant.

The Supreme Court of Montana, in a proceeding analogous to the one at bar, and under statutory provisions the same as ours, said: "If we are to arrive at

the legislative intent from the language employed by the legislature, it becomes apparent at once that the duty is imposed upon the defendant, who seeks to recover the possession of his property in a claim and delivery action, to have the sureties on his redelivery bond justify as a condition precedent to his right to the return of the property. In other words, when the defendant seeks a redelivery of his property, he must tender to the sheriff a redelivery bond and give notice to the plaintiff of not less than two or more than five days that the sureties will justify before the judge or clerk of the court, in the manner provided for the justification of sureties upon bail on arrest." (*State, ex rel. Johnson,* v. *Collins, Sheriff,* 41 Mont. 526, 110 Pac. 526.)

The interpretation of the statute as set forth in the case of *Johnson* v. *Collins, supra,* we believe to be the correct one, and being applicable to the matter at bar, and being under identical statutory provisions, it is our judgment that the rule there annunciated is decisive of the matter under consideration. To the same effect is the holding of the Supreme Court of California, in the case of *Ryan* v. *Fitzgerald,* 87 Cal. 345, 25 Pac. 546.

[2] This matter having been presented to the court below by affidavit and application for a writ of *mandamus* commanding the sheriff to deliver the property to the plaintiff, and that court having refused to issue the writ, it is our judgment that the petitioner has exhausted his remedies in the district court and is entitled to have the matter heard and determined by this court. (*State, ex rel. Johnson,* v. *Collins, supra.*)

[3] Respondent in his answer sets forth that, having returned the property to the defendant prior to the time at which the petition for writ was filed in this court, he is not in possession of said property, nor has any legal control thereof. In this respect the verified reply of attorneys for petitioner asserts that, at the time of the taking of possession of the personal property by the sheriff under the order for claim and delivery, the property was situated in a room in Golconda, Humboldt

County, and that the property is still in the room at that place, and that there has been no change in the situation of the property, excepting that the sheriff delivered the key of the room containing the property to the defendant in the case below. From this it appears that the property is still in Humboldt County and so situated that respondent may immediately take possession of it, if, as a matter of fact, his erroneous act of delivery to the defendant ever really divested him of possession or control.

The law requires the sheriff, upon the receipt of the affidavit, notice, and written undertaking provided for in section 5127, Revised Laws, to forthwith take the property described in the affidavit and retain it in his custody. The law presumes that the sheriff shall retain custody of the property until he delivers the same to the plaintiff or until he delivers the same to the defendant, if the latter makes demand for the return thereof and complies with the provisions of the statute heretofore discussed.

In an action for claim and delivery after the officer has taken possession of the property, and between that time and the time it is delivered to either of the parties to the action, the property is in custody of law. The wrongful delivery of the property to either party to the action does not relieve it from this rule. The sheriff, in an action of this kind, is charged under the law with the duty of ultimately delivering the property to one of the parties to the litigation. (*Welter* v. *Jacobson*, 7 N. D. 32, 73 N. W. 65, 66 Am. St. Rep. 632.) The sheriff, in an action of this character, is charged under the law with the duty of finally delivering the property to one of the parties to the litigation. It follows, where the record discloses that the property, although wrongfully put out of the hands of the sheriff, is still within the county, the sheriff may, and it is his duty to, retake the property.

Where, in an action in claim and delivery, the property is seized by a sheriff and afterwards released to the defendant upon a forthcoming bond, it is still in the custody

of the court in which the action was instituted, and remains in the custody of that court to abide the result of the replevin suit. (34 Cyc. p. 1381.) In this case, the sheriff having erroneously released the property to the defendant, after that property was taken by him as an officer of the court, it is still in contemplation of the law in his control and possession.

It is manifest from the record in this case that defendant, in the action in claim and delivery, failed to comply with the terms of the statute in that no notice was given to the plaintiff, and the sureties on the undertaking of defendant did not justify, as prescribed by section 188 of the civil practice act. In fact, on the part of the defendant, there was no compliance with the statute. It was therefore the duty of the sheriff, upon receipt of his lawful fees for taking and the necessary expenses for keeping, to deliver the property to the plaintiff.

[4] If the party entitled to receive the possession of the property from the sheriff failed or refused to pay the officer his lawful fees for taking the property and the necessary expenses incurred in keeping the property, it was the privilege of the sheriff to retain possession until such fees and expenses were paid. (Section 5133, Revised Laws.)

It follows that the respondent in this case should immediately retake the property enumerated in the petition herein, or as much thereof as was enumerated in the affidavit and notice originally received · by him in the action in claim and delivery, and upon receipt of his lawful fees, at the time at which he delivered the property to the defendant, and the necessary expenses incurred by him up to that time, deliver the property to petitioner herein.

The writ as prayed for should issue. It is so ordered.