STATE ex rel. DUGGAN, Sheriff, Relator, *v.* DISTRICT
COURT et al., Respondents.

(No. 5,224.)

(Submitted .November 4, 1922.  Decided November 27, 1922.)

[210 Pac. 1062.]

*Supervisory Control — Mandamus — Execution — Contempt —*
*Sheriffs—Refusal to Levy upon and Sell Property—Rem-*
*edy.*

*Mandamus*—Pleading—Motion to Quash.
1. Since the alternative writ of mandate and the affidavit upon which it is issued together constitute the first pleading of the applicant, a motion to quash challenges the sufficiency of both.

Same—Lies When—Duty of Applicant.
2. *Mandamus* is an extraordinary remedy to be obtained only in those rare cases wherein there is not any plain, speedy and adequate remedy in the ordinary course of law, and therefore the applicant must disclose the facts which establish his clear legal right to the relief sought.

Same—Execution—Sheriff Refusing to Levy upon and Sell Property—Remedy.
3. Where a sheriff wrongfully refuses to levy upon and sell property on execution isued on a money judgment, he is liable in damages to the judgment creditor on his official bond, and therefore the latter has a plain, speedy and adequate remedy and is not entitled to a writ of mandate to compel the officer to proceed under the execution.

Same—Writ Lies, When.
4. *Obiter:* Where a judgment creditor is entitled to the possession of specific property and the sheriff refuses to proceed under execution, the remedy of an action for damages on the officer's bond is not adequate, and *mandamus* lies to compel action.

Same—Contempt—Affidavit—Insufficiency.
5. Where a writ of mandate directed a sheriff to forthwith levy upon and sell property on execution, and an affidavit was presented to the court two days later charging contempt in that the officer had failed and refused to comply with the order of. the court and had not made return forthwith, the affidavit was insufficient to meet the requirement of section 9910, Revised Codes of 1921, that facts constituting the contempt must be alleged therein.

Supervisory Control—Writ Lies When Remedy by Appeal Inadequate.
6. The writ of supervisory control lies to annul a writ of mandate improperly issued and stay contempt proceedings instituted for disobedience of the writ, since appeal from the judgment in the *mandamus* proceeding would not afford relator adequate relief.

---

*Mandamus* to compel execution of writ or other process by sheriff or constable, see note in **Ann. Cas.** 1913B, 569.

Original application for writ of supervisory control by the
State, on the relation of Larry Duggan, as Sheriff of Silver
Bow County, Montana, against the District Court of the Sec-
ond Judicial District in and for the County of Silver Bow
and one of its judges to annul a writ of mandate and stay
contempt proceedings. Writ of *mandamus* quashed, and cita-
tion in contempt proceedings annulled.

*Mr. George Bourquin, Mr. Ed. Fitzpatrick, Mr. H. A. Ty-
vand* and *Mr. Kerr Beadle,* for Relator, submitted a brief;
*Mr. Fitzpatrick* argued the cause orally.

*Mr. Antone R. Bertoglio,* for Respondents, submitted a brief
and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

In an action numbered 26017, then pending in the district
court of Silver Bow county, wherein Nick Berchen, Gar
Thomas and Frank Reardon were plaintiffs, and Al Mountain
and Mrs. Al Mountain were defendants, a judgment was
duly given and made on April 5, 1922, in favor of the
plaintiffs and against the defendants for $586.73 and costs,
taxed at $27.90. An execution was issued, but returned un-
satisfied on May 3. On September 2, an *alias* execution was
issued and placed in the hands of the sheriff of Silver Bow
county, with directions to levy upon and sell all the right,
title and interest of the judgment debtors in and to lots 18
and 19, block 26, Daly addition to the city of Butte, which
property then stood of record in the name of James Moun-
tain. On October 17, the plaintiffs in cause 26017 presented
to the district court an affidavit in which the foregoing facts
are set forth, and, in addition thereto, it is alleged that the
judgment debtors own an interest in the lots mentioned suffi-
cient to satisfy the judgment, but, notwithstanding this fact,
the sheriff failed and refused to levy upon or sell such in-

terest.  Upon this affidavit an alternative writ of *mandamus*
was secured and served upon the sheriff, who appeared and
moved to quash upon the ground that sufficient facts were not
presented to warrant the relief sought, or any relief.  The
motion was overruled, and a peremptory writ was ordered
issued on October 24, and on the same day the writ was issued
and served.  Two days later (October 26) an affidavit was
presented to the court by one of the plaintiffs in cause 26017,
in which it was recited that the peremptory writ of mandate
had issued and had been served upon the sheriff, and in which
were recited the contents of the writ.  It was then stated
that the sheriff had failed, neglected, and refused to comply
with the mandate, and had not made return.  Upon this
showing the sheriff was cited into court to answer a charge
of contempt.  Application was then made to this court to
exercise its power of supervisory control, and annul the
writ of mandate and stay the contempt proceedings.

That the court erred in directing the writ of mandate
to issue is made so apparent by this record that extended
discussion seems unnecessary.  A writ of *mandamus* may be
[1]  obtained only upon affidavit.  (Sec. 9849, Rev. Codes
1921.)  In this jurisdiction, where the alternative writ refers
to the affidavit, as in this instance, the two constitute the first
pleading on the part of the applicant for the writ (*State ex
rel. Stuewe* v. *Hindson,* 44 Mont. 429, 120 Pac. 485), and the
motion to quash interposed in the lower court challenged the
sufficiency of the writ, and also the sufficiency of the affi-
davit upon which it is issued (*State Pub. Co.* v. *Hogan,* 22
Mont. 384, 58 Pac. 818).  *Mandamus* is an extraordinary
[2]  remedy, not to be had merely for the asking, but to be
obtained only in those rare cases wherein there is not any
plain, speedy and adequate remedy in the ordinary course
of law (sec. 9849) ; hence the rule so often announced by this
court that the party applying for the writ must disclose the
facts which establish his clear legal right to the relief sought.
(*State ex rel. Beach* v. *District Court,* 29 Mont. 265, 74 Pac.

498; *State ex rel. Cutts* v. *Hart,* 56 Mont. 571, 7 A. L. R. 1678, 185 Pac. 769.)

Waiving aside all other objections to the sufficiency of the **[3]** affidavit presented to the lower court, and the controlling question remains: Had the applicants a plain, speedy and adequate remedy in the ordinary course of law? Assuming, for the purposes of the application only, that it was the duty of the sheriff to levy upon and sell property of record in the name of James Mountain to satisfy a judgment against Al Mountain and Mrs. Al Mountain upon the mere statement of counsel for the applicants that the judgment debtors had some interest in the property, and assuming that the refusal of the sheriff to proceed under the execution was wrongful, still, if by reason of such wrongful refusal the judgment creditors suffer damages, the sheriff is liable on his official bond therefor. (Sec. 482, Rev. Codes 1921.) Indeed, it is to cover just such cases that the officer is required to give a bond (Freeman on Executions, 3d ed., secs. 102, 252, 304), and where, as in this instance, the judgment is for money only, the action for damages against the sheriff furnishes a plain, speedy and adequate remedy. This is the general rule in the absence of a statute upon the subject. (*Habersham* v. *Sears,* 11 Or. 431, 50 Am. Rep. 481, 5 Pac. 208; *Armstrong* v. *Stansel,* 47 Fla. 127, 36 South. 762; *Wright* v. *Bond,* 127 N. C. 39, 80 Am. St. Rep. 781, 37 S. E. 65.) It is not alleged that the sheriff is not personally responsible; neither is there any intimation that his official bond is not in full force and effect, or is insufficient to enable the applicants to realize the amount of any damages they may sustain. Counsel in applying for the writ, and the court in directing it to issue, overlooked the plain provisions of our statute. Section 4781, Revised Codes of 1921, provides: "If the sheriff to whom a writ of execution or attachment is delivered neglects or refuses, after being required by the creditor or his attorney, to levy upon or sell any property of the party charged in the writ which is liable to be levied upon or sold, he is liable to the creditor

for the value of such property.'' This statute not only furnishes a remedy, but is itself a legislative declaration that the [4] remedy so provided is *prima facie* plain, speedy and adequate. This case is to be distinguished from one in which the applicant for the writ is entitled to the possession of specific property. Under such circumstances it is held generally that the action for damages is not an adequate remedy. Typical cases of this latter class are: *Fremont* v. *Crippen,* 10 Cal. 212, 70 Am. Dec. 711; *Webster* v. *Ballou,* 108 Me. 522, Ann. Cas. 1913B, 567, 81 Atl. 1009; and *State ex rel. Johnson* v. *Collins,* 41 Mont. 526, 110 Pac. 526.

The record in the contempt proceeding fails to disclose any [5] reason for the issuance of the citation. While the same strict rules of pleading which prevail in ordinary criminal cases are not applicable in a contempt proceeding, still section 9910, Revised Codes of 1921, does require that the affidavit shall set forth the facts constituting the contempt. (*State ex rel. Webb* v. *District Court,* 37 Mont. 191, 15 Ann. Cas. 743, 95 Pac. 593.) The affidavit recites in a general way the contents of the writ of *mandamus;* that the writ was served upon the sheriff on October 24, and that the sheriff ''has failed, neglected, and refused to comply with the order of this court and of said writ, and has not made return forthwith on said writ as commanded.''

The writ of *mandamus* itself required the sheriff forthwith to proceed according to law under the execution issued September 2 and levy upon and sell the property mentioned. Whether the term ''forthwith'' is to be held to mean instantly, without the lapse of any appreciable period of time, or within a reasonable time, depends upon the circumstances surrounding its use. In this instance the complaining parties and the court as well apparently construed it to mean immediately, for the sheriff was dragged into court after the lapse of only two days, and charged with contempt because he had not complied with the command of the writ. Just what was expected of him in the brief time which elapsed

is not disclosed. He is not charged specifically with having failed to take the initial steps necessary to a levy and sale; indeed, the respects in which he failed, if he failed at all, are not made to appear. Neither is it made to appear that it was possible for the officer to obey the command. The terms of the execution are not set forth. Section 9419, Revised Codes of 1921, provides that the execution may be made returnable at any time not less than ten nor more than sixty days after its receipt by the sheriff. Since the execution under which the sheriff was directed to proceed was placed in his hands on September 2, and the peremptory writ of *mandamus* was not served until October 24, it is possible that the return day had passed, and, though a sale made after the return day is generally held to be valid if the levy was actually made before the expiration of the writ, a levy made after the return day specified in the execution is unauthorized, and generally held to be absolutely void. (*Southern California Lumber Co.* v. *Ocean Beach Hotel Co.,* 94 Cal. 217, 28 Am. St. Rep. 115, 29 Pac. 627; 23 C. J. 429.) Reference is made to these matters merely to indicate the utter insufficiency of the affidavit.

An appeal from the judgment in the *mandamus* proceedings would not have afforded the sheriff adequate relief. **[6]** He was liable to be punished for contempt while awaiting a hearing upon his appeal, even assuming that upon perfecting the appeal he could have procured a stay of proceedings in the *mandamus* matter.

Because the applicants had a plain, speedy and adequate remedy in the ordinary course of law, the writ of *mandamus* should have been denied, and because of the failure to disclose any ground for the contempt proceeding the citation should not have been issued.

The peremptory writ of *mandamus* is quashed, and the citation in the contempt proceeding is annulled.

ASSOCIATE JUSTICES FARR, COOPER and GALEN concur.