STATE EX REL. BUTTE YOUTH SERVICE CENTER, PLAINTIFF AND RESPONDENT, v. MICHAEL A. MURRAY, ADMINISTRATIVE DIRECTOR OF SOUTHWESTERN MONTANA DRUG PROGRAM, AN AGENCY OF THE STATE OF MONTANA, DEFENDANT AND APPELLANT.

No. 13136.
Submitted May 27, 1976.
Decided July 1, 1976.
551 P.2d 1017.

Poore, McKenzie, Roth, Robischon & Robinson, Urban L. Roth (argued), Butte, for defendant and appellant.

Stimatz & Engel, Lawrence G. Stimatz (argued), Butte, for plaintiff and respondent.

MR. JUSTICE HASWELL delivered the opinion of the court.

The district court, Silver Bow County, granted plaintiff's petition for a writ of mandate. Defendant appeals from the denial of its motion to quash the writ and for change of venue.

Plaintiff, Butte Youth Service Center, is a nonprofit corporation providing room, board, and treatment for individuals in a state drug rehabilitation program. Defendant is administrativbe director of the Southwestern Montana Drug Program, the state agency operating the drug rehabilitation program.

The Youth Center was to receive $7.50 per day per boy, later raised to $10.34 per boy, from the Southwestern Montana Drug Program under contracts to provide drug rehabilitation services. The funding was from a Federal grant. Subsequently the Southwestern Montana Drug Program discovered that the Youth Center was also receiving a foster-home grant, $4.00 per day per boy, from Social and Rehabilitation Services, a state agency, which in turn was receiving Federal funding. A dispute arose as to whether this constituted an illegal duplication of payment of Federal funds to the Youth Center under Federal law.

The Youth Center resolved to determine· this dispute by requesting the administrative director of the Southwestern Montana Drug Program to apply for a waiver of the Federal prohibition against payment of funds by two Federal agencies. When he refused, the Youth Center sought a writ of mandate commanding him to apply for the waiver provided in 21 U.S.C. § 1135, entitled "Single non-Federal share requirements; waiver", providing in pertinent part:

"Where funds are made available by more than one Federal agency to be used by an agency, organization, or individual to carry out a drug abuse prevention function, *a single non-Federal share requirement may be established* according to the proportion of funds advanced by each Federal agency, and the Director may order any such agency to waive any technical grant or contract requirement established in regulations which is inconsistent with the similar requirement of the other Federal agency or which the other Federal agency does not impose." (Emphasis added.)

The district court granted an alternative writ commanding defendant to act or show cause for his refusal. Upon receipt of the writ, defendant moved, with a brief and affidavit in support:

(1) to quash the alternative writ of mandate;

(2) to quash and dismiss the petition for writ of mandate; and

(3) to change venue to Lewis and Clark County.

After an adversary hearing on the motions, the district court denied the motions and issued a writ of mandate. Defendant appeals.

The issues on appeal are (1) whether the writ should have been issued; and (2) whether venue was properly in Silver Bow County or Lewis and Clark County.

 A writ of mandate may be issued to compel the performance of an act which the law specially enjoins as a duty. Section 93-9102, R.C.M.1947. However, the Youth Center has not presented any statute or regulation that requires the State drug program to apply for the waiver. Counsel for the Youth Center points to general assurances contained in contracts between the State and Federal agencies that the policies and regulations of the superior agency will be followed under the contracts. Counsel points to these assurances, which are not in evidence and not a part of the record, to establish a clear legal duty on the part of the State Drug Program to apply for the waiver.

Mandamus will not lie to compel performance of a discretionary function. The Youth Center has not established a clear legal duty to apply for the waiver requested.

Further, if the Youth Center is relying on a contractual obligation to establish a clear legal duty, we fail to see why it does not have a remedy at law for breach of contract or in equity for specific performance. Quoting from the brief for the Youth Center (at page 7):

"Counsel for BYSC [Butte Youth Services Center] recognizes and accepts the fact that a Writ of Mandamus is an extraordinary remedy and is obtainable only in these rare cases wherein there is not any plain, speedy and adequate remedy in the ordinary course of law, and therefore the applicant must disclose the facts which establish his clear legal right to the relief sought. *State ex rel. Duggan v. District Court,* 65 Mont. 197, 199, 210 P. 1062."

Yet, counsel simply states in his brief that he does not have a remedy on the contract without explanation or proof.

Accordingly, defendant's motion to quash and dismiss the petition should have been granted. Our ruling on this issue renders review of the venue issue unnecessary.

The district court's denial of defendant's motion to quash and dismiss is reversed. Plaintiff's action is hereby dismissed with prejudice.

MR. JUSTICES CASTLES, DALY and JOHN C. HARRISON, and the HONORABLE BERNARD THOMAS, District Judge, sitting for Mr. Chief Justice Harrison, concur.