No. 13136

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

STATE ex rel BUTTE YOUTH SERVICE
CENTER,

Plaintiff and Respondent,

-vs-

MICHAEL A. MURRAY, ADMINISTRATIVE DIRECTOR
OF SOUTHWESTERN MONTANA DRUG PROGRAM, an
AGENCY OF THE STATE OF MONTANA,

Defendant and Appellant.

Appeal from:   District Court of the Second Judicial District,
               Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

    For Appellant:

        Poore, McKenzie, Roth, Robischon & Robinson, Butte,
        Montana
        Urban L. Roth argued, Butte, Montana

    For Respondent:

        Stimatz and Engel, Butte, Montana
        Lawrence G. Stimatz argued, Butte, Montana

Submitted:   May 27, 1976

Decided: JUL - 1 1976

Filed: JUL - 1 1976

Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The district court, Silver Bow County, granted plaintiff's petition for a writ of mandate. Defendant appeals from the denial of its motion to quash the writ and for change of venue.

Plaintiff, Butte Youth Service Center, is a nonprofit corporation providing room, board, and treatment for individuals in a state drug rehabilitation program. Defendant is the administrative director of/Southwestern Montana Drug Program, the state agency operating the drug rehabilitation program.

The Youth Center was to receive $7.50 per day per boy, later raised to $10.34 per boy, from the Southwestern Montana Drug Program under contracts to provide drug rehabilitation services. The funding was from a Federal grant. Subsequently the Southwestern Montana Drug Program discovered that the Youth Center was also receiving a foster-home grant, $4.00 per day per boy, from Social and Rehabilitation Services, a state agency, which in turn was receiving Federal funding. A dispute arose as to whether this constituted an illegal duplication of payment of Federal funds to the Youth Center under Federal law.

The Youth Center resolved to determine this dispute by requesting the administrative director of the Southwestern Montana Drug Program to apply for a waiver of the Federal prohibition against payment of funds by two Federal agencies. When he refused, the Youth Center sought a writ of mandate commanding him to apply for the waiver provided in 21 U.S.C. § 1135, entitled "Single non-Federal share requirements; waiver", providing in pertinent part:

> "Where funds are made available by more than one
> Federal agency to be used by an agency, organization,
> or individual to carry out a drug abuse prevention
> function, <u>a single non-Federal share requirement may</u>

- 2 -

be established according to the proportion of funds
advanced by each Federal agency, and the Director
may order any such agency to waive any technical
grant or contract requirement established in reg-
ulations which is inconsistent with the similar re-
quirement of the other Federal agency or which the
other Federal agency does not impose." (Emphasis
added.)

The district court granted an alternative writ command-

ing defendant to act or show cause for his refusal.  Upon

receipt of the writ, defendant moved, with a brief and affidavit

in support:

(1) to quash the alternative writ of mandate;

(2) to quash and dismiss the petition for writ of

mandate; and

(3) to change venue to Lewis and Clark County.

After an adversary hearing on the motions, the district

court denied the motions and issued a writ of mandate.  Defendant

appeals.

The issues on appeal are:  (1) whether the writ should

have been issued; and (2) whether venue was properly in Silver

Bow County or Lewis and Clark County.

A writ of mandate may be issued to compel the performance

of an act which the law specially enjoins as a duty.  Section

93-9102, R.C.M. 1947.  However, the Youth Center has not present-

ed any statute or regulation that requires the State drug program

to apply for the waiver.  Counsel for the Youth Center points

to general assurances contained in contracts between the State

and Federal agencies that the policies and regulations of the

superior agency will be followed under the contracts.  Counsel

points to these assurances, which are not in evidence and not a

part of the record, to establish a clear legal duty on the part

of the State Drug Program to apply for the waiver.

Mandamus will not lie to compel performance of a discre-

tionary function.  The Youth Center has not established a clear

legal duty to apply for the waiver requested.

Further, if the Youth Center is relying on a contractual obligation to establish a clear legal duty, we fail to see why it does not have a remedy at law for breach of contract or in equity for specific performance. Quoting from the brief for the Youth Center (at page 7):

> "Counsel for BYSC [Butte Youth Services Center] recognizes and accepts the fact that a Writ of Mandamus is an extraordinary remedy and is obtainable only in these rare cases wherein there is not any plain, speedy and adequate remedy in the ordinary course of law, and therefore the applicant must disclose the facts which establish his clear legal right to the relief sought. State ex rel. Duggan vs. District Court, 65 Mont. 197, 199, 210 P. 1062."

Yet, counsel simply states in his brief that he does not have a remedy on the contract without explanation or proof.

Accordingly, defendant's motion to quash and dismiss the petition should have been granted. Our ruling on this issue renders review of the venue issue unnecessary.

The district court's denial of defendant's motion to quash and dismiss is reversed. Plaintiff's action is hereby dismissed with prejudice.

_____
                Justice

We concur:

_____

_____

_____
Justices

_____
Hon. Bernard Thomas, District
Judge, sitting in place of Mr.
Chief Justice James T. Harrison.

- 4 -