No. 05-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 321N

JOSEPH W. THOMPSON and DELIA K. KELLY,

        Petitioners,

   v.

MACK LONG, REGIONAL DIRECTOR, DEPARTMENT OF
FISH, WILDLIFE AND PARKS OF MISSOULA, MONTANA

        Respondent.

APPEAL FROM:    The District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 05-162,
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Joseph W. Thompson, *pro se*, Stevensville, Montana

        For Respondent:

        John F. Lynch and Robert N. Lane, Department of Fish,
Wildlife and Parks, Helena, Montana

Submitted on Briefs:  October 5, 2005

Decided:  December 19, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joseph Thompson and Delia Kelly, appearing *pro se*, appeal the Order of the Montana Twenty-First Judicial District Court, Ravalli County, denying their Application for Writ of Mandate. We affirm.

¶3 The dispositive issue on appeal is whether the District Court erred in denying Plaintiffs' Application for Writ of Mandate.

¶4 In late January 2005, Thompson and Kelly asked a Montana Fish, Wildlife and Parks' (FWP) biologist to determine whether property adjacent to their property was critical elk winter range. Thompson and Kelly sought this determination because they were concerned about a subdivision that was proposed for the adjacent property, claiming they had observed approximately seventy head of elk winter on the adjacent property and their property for the previous three winters. After a site visit, FWP sent a letter to the Ravalli County Planning Department with reference to the proposed housing development, indicating that the proposed site was "away from important elk winter range." Thompson and Kelly strongly disagreed and filed an Application for Writ of Mandate in the District Court, demanding that FWP retract its letter to the Planning Department and declare the proposed building site to be

2

critical winter range for elk. The District Court denied the application, relying on § 27-26-102, MCA.

¶5 As noted above, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is clear from the Application, the briefs and the record that this issue is clearly controlled by settled Montana law which the District Court correctly interpreted. Section 27-26-102, MCA, in relevant part, provides:

> (1) A writ of mandamus may be issued . . . to compel the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station . . . .

¶6 The FWP's determination that the property in question was not critical elk winter range was a discretionary determination and not the breach of an obligation "specially enjoined" under the law. As correctly noted by the District Court, Thompson and Kelly presented no statutory or other clear legal duty imposed on, or violated by, FWP. The court observed that "[a]t most, a factual dispute exists over whether this small area of Ravalli County is critical winter elk habitat. It is improper to issue a writ of mandate to resolve a factual dispute . . . ." *See Jeppeson v. State, Dept. of State Lands* (1983), 205 Mont. 282, 288, 667 P.2d 428, 431, *citing State ex. rel. Butte Youth Serv. Center v. Murray* (1976), 170 Mont. 171, 551 P.2d 1017 ("Mandamus will not lie to compel performance of a discretionary function.").

¶7 We agree. Mandamus was not available to Thompson and Kelly as a remedy. Therefore, we affirm the District Court.

3

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS

4