**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILBER FLOYD, | No. 08-35005 |
| Plaintiff - Appellee, | D.C. No. CV-06-00001-DWM |
| v. | |
| WENDELL DAVID OLIVERSON and IVA LOU OLIVERSON, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Montana
Donald Molloy, District Judge, Presiding

Submitted July 16, 2010[**]
Seattle, Washington

Before: GRABER and PAEZ, Circuit Judges, and BURNS, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Larry Alan Burns, United States District Court for the Southern District of California, sitting by designation.

The Oliversons appeal the district court's decision that Wilber Floyd's breach of contract claim was not barred by the doctrine of laches or Montana's eight-year statute of limitations applicable to civil actions involving written contracts.[1]  We affirm.

Federal and Montana law recognize that laches is an equitable defense to a civil action.  *Grand Canyon Trust v. Tucson Elec. Power Co.*, 391 F.3d 979, 987 (9th Cir. 2004); *Hunter v. Rosebud County*, 783 P.2d 927, 930 (Mont. 1989).  An action like Floyd's, alleging a breach of contract, however, is an action at law.  *See State ex rel. Butte Youth Serv. Ctr. v. Murray*, 551 P.2d 1017, 1019 (Mont. 1976) (distinguishing between remedy at law for breach of contract and remedy in equity for specific performance).  Therefore the doctrine of laches poses no barrier to Floyd's claim.  *See Wyler Summit P'ship v. Turner Broad. Sys.*, 235 F.3d 1184, 1193–94 (9th Cir. 2000) (holding that breach of contract claim seeking money damages was an action at law that precluded defense of laches); *Miller v.*

---

[1]    Although Floyd argues that the Oliversons did not properly preserve the legal issues they raise, we assume that the Oliversons made, and the district court denied, a Rule 50 motion for judgment as a matter of law on the ground that laches and the statute of limitations barred Floyd's claim.  The Oliversons' lawyer moved to "renew their motions for summary judgment" at the close of Mr. Floyd's testimony; the district court rightly construed this as a Rule 50 motion, and it is fair to assume that the Oliversons' lawyer intended it as one.

*Maxwell's Int'l*, 991 F.2d 583, 586 (9th Cir. 1993) (holding that the doctrine of laches is inapplicable when statute of limitations governs an action).

The parties do not dispute that an eight-year statute of limitations applies to Floyd's lawsuit. *See* Mont. Code Ann. § 27-2-202(1). They *do* dispute when the statute began to run. Under Montana law, the clock starts to tick when an action "accrues." *Id.* § 27-2-102(2). An action accrues "when all elements of the claim or cause exist or have occurred." *Id.* § 27-2-102(1)(a). Here, the action accrued in 2005 when the Oliversons breached the contract by refusing Floyd's request to transfer ten acres of land to him. The statute of limitations does not bar Floyd's suit.

Section 28-3-601 of the Montana Code, on which the Oliversons rely, addresses a matter of contract *interpretation*, namely, how much time a party has to perform under a contract when the contract itself is silent on the question. This has nothing to do with how much time a party has to file a lawsuit once a contract has been breached.

Floyd's request for sanctions on the ground that the Oliversons' appeal is frivolous is denied. We do not believe that this appeal is so frivolous that sanctions are warranted.

**AFFIRMED.**  Motion for sanctions **DENIED**.  Costs on appeal awarded to

Plaintiff-Appellee.