STATE EX REL. NARCROSS *v.* THE BOARD OF MEDICAL EXAMINERS.

MANDAMUS — *Remedy at law — Board of medical examiners.* — Mandamus will not lie to compel the board of medical examiners to issue a certificate to practice medicine to an applicant whose demand has been refused, as the statute creating such board has provided a plain, speedy, and adequate remedy at law in such case in an appeal to the District Court.

Original proceeding. Application for writ of mandamus.

*Elbert D. Weed,* for Applicant.

*Henri J. Haskell,* Attorney-General, for Respondent.

HARWOOD, J. — This proceeding is an application for a writ of mandamus.

The relator filed his affidavit herein setting forth the following averments: "That he, Carlton V. Narcross, is a citizen of the United States, and is over the age of twenty-one years; that he is now and for more than seven years last past has been a resident of the Territory and State of Montana, and of the county of Silver Bow. That he is a graduate of the medical department of the State University of Iowa, situate at Iowa City in said State; that said medical department of the university aforesaid is a legally organized medical school, within the meaning of section three (3), of an act of the territorial legislature

of Montana, approved February 28, 1889, entitled 'An act to regulate the practice of medicine in the Territory of Montana, and to provide for the examination and issuing of certificates to persons desirous of practicing the same, and for the punishment of persons violating the provisions of this act;' that the fact that said medical department of the State University of Iowa aforesaid was on the seventh day of October, 1890, and for a long time prior thereto, and on the first day of March, 1887, when affiant graduated therefrom, a legally organized medical school in good standing, whose teachers were at the time of such graduation of affiant graduates of a legally organized school, which fact had at the time, and in the manner aforesaid, been determined by said board of medical examiners provided for by said Act of February 28, 1889. That affiant graduated from said school on the first day of March, 1887, and received a certificate or diploma therefrom as of said date, which certificate or diploma is in words and figures as follows, to wit: [Here follows a copy of said diploma; and affiant recites further facts as follows:] That affiant is the same person to whom said diploma was originally issued; that on the fourth day of March, 1887, affiant began the practice of medicine in the city of Butte, county of Silver Bow, and State (then Territory) of Montana, and has been in the continuous practice of his profession within said Territory and State of Montana, except when temporarily absent, since said fourth day of March, 1887; that on the eighteenth day of November, 1889, affiant presented his said diploma above set forth to one E. D. Leavitt, a member of said medical board of examiners at Butte City, county of Silver Bow, State of Montana; that thereupon said E. D. Leavitt issued to affiant a certificate or permit to practice medicine until the next regular meeting of said board, which said certificate is in words and figures as follows: [Here affiant sets forth a copy of said certificate, and recites further facts as follows:] That said board held its next regular meeting thereafter on the fourth day of April, 1890; that no certificate from said board was issued to this affiant at said April meeting thereof, but affiant was verbally notified by a member of said board that he might continue the practice of his profession until the next regular meeting of said board in

October, 1890; that at the regular meeting of said board held
in the city of Helena, in said State, in the month of October,
1890, affiant, on the seventh day of said month duly presented
his said diploma hereinbefore described to said board of medical
examiners, and then and there duly demanded that said board
issue to him a certificate executed under the seal of said board,
and signed by the president and secretary thereof according to
law; that thereupon on the seventh day of October, 1890, as
aforesaid, the said board denied affiant's said request and
demand, and then and there refused to issue to him such cer-
tificate.   Affiant further says that he has never been guilty of
any unprofessional, dishonorable, or immoral conduct, and that
he has never publicly professed to cure or treat disease, injury
or deformity in such a manner as to deceive the public; that
no charge against affiant of such unprofessional, dishonorable,
or immoral conduct, or of such deceptive business methods was
made to said board, and that said board made no such charge
against affiant.   Affiant further says that he has paid to said
board the fee of fifteen dollars required by law to be paid, and
that said board still retains said fee.   Affiant further says that
he is the party beneficially interested; that he has complied
with all the requirements of the law on his part, and that said
board had no just reason, or any legal cause or right to refuse
to issue their certificate to this affiant as aforesaid, and that he
has no plain, speedy, and adequate remedy in the ordinary
course of law."

Upon this affidavit affiant prayed for an alternative writ of
mandate, commanding said board of medical examiners to
issue to affiant the certificate provided for by law in such cases,
authorizing and empowering affiant to practice medicine within
this State, or that said board show cause why the same was not
done.   The writ of mandate was issued accordingly.   The
respondent board appeared by its president, and moves the
court to quash the writ on the ground that the relator has a
plain, speedy, and adequate remedy at law.   If the relator has
a plain, speedy, and adequate remedy in the ordinary course of
law, he cannot invoke the aid of this extraordinary writ.   This
is not only the doctrine uniformly held by the court, but it is
so declared by our statute.   "The writ shall be issued in all

cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." (§ 567, Code Civ. Proc.)

The act creating said board of medical examiners and defining their power and duties, provides: *First,* that all persons wishing to practice medicine or surgery in the State of Montana shall comply with the requirements thereof; *secondly,* that all persons practicing medicine in the Territory of Montana at the time said act became a law, who were graduates in medicine from a medical school found by said board to be legally organized and in good standing, whose teachers were graduates of a legally organized school, should be admitted to practice medicine, on presenting to said board a diploma from such school, if such diploma was found to be genuine, and had been issued to the person presenting the same; *thirdly,* said act provides for an examination by said board of those wishing to practice medicine in this State, who were not graduates of such a school as the act describes, and also of graduates of such schools, who commence to practice medicine in this State after the passage of said act. It is further provided in section 4 of said act as follows: "And such board may refuse or revoke a certificate for unprofessional, dishonorable, or immoral conduct, or refuse a certificate to any one who may publicly profess to cure, or treat disease, injury, or deformity, in such a manner as to deceive the public. In all cases of refusal or revocation, the applicant, if he or she feels aggrieved, may appeal to the District Court of the county where such applicant may have applied for a certificate. Now it is clear that the legislature in creating this board of medical examiners, contemplated the subjection of its final acts in refusing to grant the certificate, authorizing the applicant to practice medicine, as well as its acts of revocation of such certificate, to the supervising control of the District Courts.

The remedy for the wrongful denial or revocation of a certificate by this board, is provided in the act to be an appeal to the District Court. It is the final action of the board in refusing relator a certificate entitling him to pursue the practice of his profession, which he complains of. This question is ably expounded in the light of numerous authorities cited by Mr. High in his work on Extraordinary Remedies, sections 15 and

16, and notes. In summing up his review of authorities the author says: " Whenever, therefore, an express remedy is afforded by statute, plain and specific in its nature and fully adequate to redress the grievance complained of, mandamus will not lie." We are of the opinion that the relator has a plain, speedy, and adequate remedy in the course provided by statute to correct the wrongs complained of, and is therefore not entitled to the writ of mandate.

Respondent's motion to quash the writ sustained.

BLAKE, C. J., and DE WITT, J., concur.