MELÉNDEZ ET AL. *v.* CUCHÍ, REGISTRAR OF PROPERTY.

APPEAL from the District Court of Guayama.

No. 406.—Decided October 28, 1909.

MANDAMUS—ADEQUATE REMEDY.—The writ of *mandamus* will issue only in cases where there is no plain and adequate remedy in the ordinary course of the law.

APPEAL FROM DECISION OF REGISTRAR—STATUTORY CONSTRUCTION.—The act of March 12, 1902, establishing an appeal from the decisions of registrars of property is of a general character, and provides a plain and adequate remedy of appeal from all decisions of registrars of property refusing to enter or suspend a record, notice, or cancellation.

The facts are stated in the opinion.
*Mr. López Landrón* for appellant.
The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken from a decision of the District Court of Guayama refusing to issue a writ of *mandamus*.

A certified copy of the extract from the judgment rendered in the case of *Juana Meléndez* v. *Pedro de Diego* in regard to filiation, was presented at the registry of property of Guayama to be recorded in the registry of judgments, and the registrar refused to record the same.

Juana Meléndez, through her counsel, then filed an application in the district court seeking the issuance of a writ of *mandamus* to the registrar of property directing him to make the record which he had refused to make, and the court denied the application.

"The writ of *mandamus* will not issue," says section three of the act establishing that writ, approved March 12, 1903, "in any case where there is a plain and adequate remedy in the ordinary course of the law."

The appellant, in his brief filed in this court, alleges substantially that the law governing appeals from decisions of registrars of property, approved March 12, 1902, is not applicable to this case, where the registrar has not refused to record a document according to the provisions of the Mortgage Law, but that he refused to record the extract of the judgment, thereby failing to comply with the imperative provision of the Act of March 8, 1906, governing the manner of creating encumbrances upon property by judgment.

However, from a careful examination of the law governing appeals from decisions of registrars, we reach the conclusion that the said law is of a general character and establishes an appeal from all decisions of registrars "denying or suspending any record, entry, or cancellation." In fact, this Supreme Court has so construed the law in deciding appeals from decisions of registrars in cases arising from the construction of the Internal Revenue Law, for example:

The act establishing appeals from decisions of registrars, above cited, provides the appellant with a plain and adequate remedy in the ordinary course of the law, and the petitioner should have availed himself of that remedy, instead of applying for the writ of *mandamus* herein sought.

"Under the Montana Act of February 28, 1889, section four, providing that in all cases where the board of medical examiners refuses or revokes a certificate authorizing the appellant to practice medicine the applicant may appeal to the district court of the county in which he applied for a certificate, *mandamus* will not lie to compel the board to grant a certificate." (*State ex rel. Narcross* v. *Board of Medical Examiners*, 25 Pa. Rep., 440; 10 Mont., 162.)

In view of the foregoing reasons, the decision appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.