STATE EX REL. CENTENNIAL BREWING CO., RELATOR, *v.*
DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,328.)

(Submitted May 26, 1913. Decided June 20, 1913.)

[133 Pac. 679.]

*Mandamus—When not Appropriate Remedy.*

1. *Mandamus* may not be invoked to correct a judgment entered by
the district court, or where the remedy by appeal is plain, speedy and
adequate.

Original application for writ of mandate to compel the District Court of Silver Bow County and Hon. Michael Donlan, one of its judges, to correct a certain judgment. Proceedings dismissed.

*Mr. Chas. R. Leonard,* and *Mr. Frank A. Walker,* for Relator, submitted a brief; *Mr. Walker* argued the cause orally.

For Respondents, *Mr. John Lindsay,* and *Messrs. Canning & Geagan,* submitted a brief; *Mr. Henry C. Smith,* of counsel, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 21, 1913, an action in unlawful detainer was commenced in the district court of Silver Bow county, by the Centennial Brewing Company against O. Rouleau and Louis Tetreault, and such proceedings were had that upon the trial a verdict was returned in favor of plaintiff and against the defendants. Thereupon counsel for plaintiff requested the district court to render judgment upon the verdict in favor of plaintiff and against the defendants, and as a part of the judgment to treble the damages. This request was refused and the court rendered and had entered a judgment in favor of the plaintiff for the restoration of the premises in controversy and for damages as found in the verdict and for costs.

In effect, we are asked by the writ of mandate to correct [1] the judgment entered by the district court, but such is not the office of the writ. (*State ex rel. Montana Central Ry. Co.* v. *District Court*, 32 Mont. 37, 79 Pac. 546.)

Assuming that the circumstances are such that *mandamus* would issue if the plaintiff in the action in the district court had no other plain, speedy or adequate remedy, we would do a grave injustice to other litigants before this court if we permitted this relator here to invoke the remedy by *mandamus* to secure an early hearing of its controversy, while others who pursue the remedy by appeal are compelled to wait. Every question sought to be presented in this proceeding can be reviewed by appeal, and the remedy by appeal is plain, speedy and adequate. Under such circumstances *mandamus* will not lie. (Sec. 7215, Rev. Codes.)

The proceeding is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.