STATE EX REL. WOODWARD ET AL., RELATORS, *v*. DISTRICT
COURT ET AL., RESPONDENTS.

(No. 3,990.)

(Submitted February 20, 1917. Decided March 13, 1917.)

[163 Pac. 1149.]

*Mandamus*—Order Granting Change of Venue—Impropriety of Remedy.
1. An order granting a motion for change of venue on the ground of
residence is a judicial act, which will not be set aside by *mandamus*.

*Mandamus* by the State, on the relation of John Woodward
and others, against the District Court of the Fifth Judicial
District, in and for the County of Madison, and Honorable
Wm. A. Clark, a Judge thereof. Dismissed.

*Mr. M. M. Duncan* and *Messrs. Walsh, Nolan & Scallon,* for
Relators, submitted a brief; *Mr. C. B. Nolan* argued the cause
orally.

*Mr. H. B. Duff, Mr. C. W. Robison* and *Mr. Geo. M. Melton,*
for Respondents, submitted a brief; *Mr. Duff* and *Mr. Melton*
argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

*Mandamus.* On November 17, 1916, John Woodward, Lester
Woodward and Roy Woodward, as copartners, brought an action
in the district court of Madison county against George W.
Melton and N. E. Foster. The complaint states two causes of
action, one for damages for trespass upon land situate in Madi-
son county, and the other for damages to personal property
while the same was in Madison county. · The defendants both
reside in Beaverhead county and were served with summons
there. On their appearance in the action the defendants filed
an affidavit of merits and a motion for the transfer of the cause
to Beaverhead county for trial. The motion was sustained and
the cause transferred. Thereupon application was made to this
court for a writ of *mandamus* directing the district court and

Honorable W. A. Clark, the judge presiding, to vacate the order and retain the action for trial in Madison county. An alternative writ having been issued and served, defendants moved to set aside and dismiss the proceeding on the ground that *mandamus* is not the proper remedy.

In *State ex rel. Independent Pub. Co.* v. *Smith,* 23 Mont. 329, 58 Pac. 867, this court held that an order granting or refusing [1]  to grant a motion for a change of venue on the ground of residence is a judicial act, and that it will not be set aside by *mandamus.* That case is conclusive of this. (See, also, *State ex rel. King* v. *District Court,* 24 Mont. 494, 62 Pac. 820; *State ex rel. Dempsey* v. *District Court,* 24 Mont. 566, 63 Pac. 389; *State ex rel. Mont. C. Ry. Co.* v. *District Court,* 32 Mont. 37, 79 Pac. 546; *State ex rel. Rowe* v. *District Court,* 44 Mont. 318, Ann. Cas. 1913B, 396, 119 Pac. 1103.)

The alternative writ is vacated and the application dismissed.

*Dismissed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.