STATE EX REL. MALONE, RELATOR, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,833.)

(Submitted October 26, 1925. Decided November 13, 1925.)

[241 Pac. 240.]

*Mandamus—Change of Venue—Supreme Court—Jurisdiction —Availability of Writ—When Court will Pass upon Question of Own Motion.*

Writs—Jurisdiction—When Supreme Court will Pass upon Question of Its Own Motion.
   1. Where counsel for respondent do not raise the question of the availability of a writ (*mandamus*) and it is manifest that its issuance will be an abuse of process, the supreme court will of its own motion pass upon it.

Same—Original Jurisdiction of Supreme Court—Extent.
   2. The limited original jurisdiction conferred upon the supreme court was conferred only in aid of its appellate powers or to meet exigent cases wherein the remedy by appeal is inadequate to afford the relief to which an injured party is entitled.

*Mandamus*—Change of Venue—Appeal Destroys Right to Writ.
   3. The writ of mandate is available only in those rare cases where there is not any other plain, speedy and adequate remedy, hence does not lie to review an order granting or refusing to grant a change of venue, such order having been made appealable by Chapter 39, Laws of 1925.

Appeal and Error, 3 C. J., sec. 294, p. 473, n. 23.
Courts, 15 C. J., sec. 521, p. 1095, n. 2.
Mandamus, 38 C. J., sec. 7, p. 544, n. 47; sec. 29, p. 557, n. 56; sec. 31, p. 558, n. 74; sec. 36, p. 565, n. 24; sec. 39, p. 568, n. 53; sec. 680, p. 920, n. 29.

Original application for writ of mandate by the State on the relation of Earl W. Malone, directed to the District Court of Ravalli County and James M. Self, as Judge thereof, to compel the allowance of a motion for change of venue. Proceeding dismissed.

*Mr. Dan J. Heyfron* and *Mr. J. E. Patterson,* for Relator, submitted a brief; *Mr. Patterson* argued the cause orally.

*Mr. J. D. Taylor* and *Mr. Walter L. Pope,* for Respondents, submitted a brief; *Mr. Pope* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action pending in the district court of Ravalli county, wherein this relator is plaintiff and Earl F. Lockridge and another are defendants, a motion for a change of venue was made by the plaintiff on March 24, 1925, and overruled by the court on June 12, 1925. Thereupon relator applied to this court for a writ of mandate to compel the change.

The question whether the remedy by *mandamus* is available [1] is not raised or discussed in the briefs of counsel, but since it is manifest that to issue the writ would be an abuse of process, this court, of its own motion, will intercede, in the interest of other litigants and itself. (*State ex rel. Centennial Brewing Co.* v. *District Court,* 47 Mont. 547, 133 Pac. 679.)

Section 9849, Revised Codes, provides that the writ of [2, 3] mandate may be issued "in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law."

By Chapter 39, Laws of 1925, an order granting or refusing a change of venue is made appealable and the fact that the ground of the motion is the disqualification of the resident judge is altogether immaterial. The statute applies generally.

This court was created primarily to review and correct errors through the exercise of its appellate jurisdiction. The limited original jurisdiction which it has was conferred only in aid of its appellate powers or to meet exigent cases wherein the remedy by appeal is inadequate to afford the relief to which an injured party is entitled.

*Mandamus* is an extraordinary remedy available only in those rare cases where there is not any other plain, speedy and adequate remedy. (*State ex rel. Duggan* v. *District Court,* 65 Mont. 197, 210 Pac. 1062; *State ex rel. Grantier* v. *Woods,*

67 Mont. 337, 215 Pac. 671; *Stabler* v. *Porter,* 72 Mont. 62, 232 Pac. 187.)

Prior to the enactment of Chapter 39 above, an order granting or refusing a change of venue was reviewable only on appeal from the final judgment and even under those circumstances this court refused to issue a writ of mandate to review an order granting or refusing a change. (*State ex rel. Independent Pub. Co.* v. *Smith,* 23 Mont. 329, 58 Pac. 867; *State ex rel. Woodward* v. *District Court,* 53 Mont. 358, 163 Pac. 1149.) The very purpose of Chapter 39 was to provide a plain, speedy and adequate remedy by appeal directly from the order granting or refusing a change of venue, and with this remedy available the writ of mandate will not issue. (*State ex rel. Narcross* v. *Board of Medical Examiners,* 10 Mont. 162, 25 Pac. 440.)

The application for a peremptory writ is denied and the proceeding is dismissed.

*Dismissed.*


CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.