PIONEER ENGINEERING WORKS, Inc., Respondent, *v.*
McCONNELL, Appellant.

(No. 8,294.)

(Submitted April 14, 1942.   Decided June 12, 1942.)

[130 Pac. (2d) 685; 132 Pac. (2d) 160.]

*Mr. George E. Hurd* and *Mr. Emmett C. Angland,* for Appellant, submitted an original and a supplemental brief, and argued the cause orally.

*Messrs. John M. Kline, James T. Shea, C. H. Roberts* and *Mr. John Marriott Kline,* for Respondent, submitted a brief; *Mr. John M. Kline* argued the cause orally.

*Mr. W. D. Rankin* and *Mr. Arthur P. Acher,* of Counsel for Respondent on Motion for Rehearing.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment entered in favor of the

plaintiff, the Pioneer Engineering Works, wherein the plaintiff was allowed to recover possession of a gravel crushing machine in a claim and delivery action. Briefly stated, the facts are these:

The plaintiff sold the machine to the defendant under a conditional sales contract, retaining title with the right to terminate the contract and repossess the property upon the failure of the defendant to pay the installments of the purchase price. Defendant refused to make any payments after the first one upon the ground that the machine failed to do the work it was warranted to do. Thereupon plaintiff brought this suit for the recovery of the possession of the machine. Defendant resisted the action by pleading a counterclaim for damages based upon the alleged failure of the machine to meet the warranties. The trial court refused to hear evidence upon the counterclaim. This refusal is assigned as error.

It is well to state here that, while defendant has denominated his claim for damages as a counterclaim, yet the rule is that the character of a pleading is determined by its substance rather than by the name given it by the pleader. (*Callender* v. *Crossfield Oil Syndicate*, 84 Mont. 263, 275 Pac. 273.) Therefore, as admitted by both parties, if defendant's claim for damages is proper in this case, it must be by way of cross-complaint and we will treat it as such here.

Simply stated, the principal question in this case is whether a cross-complaint for damages is a proper cause of action to be tried in a claim and delivery action for the possession of the machine. The trial court held that, since all the plaintiff asked for was possession, the claim for damages did not and could not "tend to diminish or defeat the plaintiff's recovery."

To affirm the court's holding we would be obliged to determine that a cross-complaint must, as a prerequisite to its propriety, operate to diminish or defeat the plaintiff's recovery.

The cross-complaint statute, section 9151, Revised Codes, does not in so many words prescribe this requirement. The pertinent part of that section is as follows: "Whenever any

defendant to an action desires any relief against any party relating to or dependent upon the contract, transaction, or subject-matter upon which the action is brought, or affecting the property to which the action relates, or whenever the judgment in such action may determine the ultimate rights of defendants to an action as between themselves, any defendant may, in addition to and in his answer, file at the same time, or subsequently by permission of court, a cross-complaint against all parties to such action."

The trial court was prompted to rule as it did because of the interpretation placed upon this section by this court in *Callender* v. *Crossfield Oil Syndicate,* supra, and *Mills* v. *Pope,* 90 Mont. 569, 4 Pac. (2d) 485, wherein the court said that a cross-complaint "must to some extent defeat, overcome, or affect plaintiff's cause of action, or lessen, modify, or interfere with the relief sought by plaintiff."

This statement was taken from the California case of *Yorba* v. *Ward,* 109 Cal. 107, 38 P. 48, 41 Pac. 793. That decision was based upon a statute similar to our section 9151, supra. Since that time the California court has overruled the *Yorba Case* and the decisions based upon it. (*Hanes* v. *Coffee,* 212 Cal. 777. 300 Pac. 963; *California Trust Co.* v. *Cohn,* 214 Cal. 619, 7 Pac. (2d) 297; *Martin* v. *Hall,* 219 Cal. 334, 26 Pac. (2d) 288, 289.) In the last case cited, the supreme court of California said: "Where a quiet title action is directed at all claims made by defendant under a written instrument, and would not have been brought but for defendant's claims under said instrument, the claim of plaintiff to quiet title and the claim of defendant for damages for breach of said instrument are necessarily related to the same 'transaction' within the meaning of section 442, Code of Civil Procedure. Although the complaint is in the usual brief form, alleging simply plaintiff's title and right to possession, and setting forth no 'transaction,' this is not conclusive. 'The facts surrounding the cause of action and not the form of the complaint are determinative of what constitutes the transaction.' (*California Trust Co.* v.

*Cohn,* supra.) The effect of the two cited cases, taken together, is to disapprove of the reasoning advanced in *Meyer* v. *Quiggle,* 140 Cal. 495, 74 Pac. 40, and *Yorba* v. *Ward,* 109 Cal. 107, 38 Pac. 48, 41 Pac. 793, so far as they dealt with the 'transaction' clause of the cross-complaint statute. (*California Trust* v. *Cohn,* 214 Cal. 619, at page 625, 7 Pac. (2d) 297.) The relief sought on cross-complaint need not diminish or defeat the plaintiff's recovery, but may be distinct from the relief demanded by the plaintiff. (*Hanes* v. *Coffee,* supra)." (And see Bancroft Code Pleading, Practice & Remedies, Vol. 1 Ten Year Supp. 220 et seq., sec. 449.)

Our statute (sec. 9151) has been modeled after the California statute, although the wording is slightly different. The California statute, sec. 442, Code Civ. Procedure, is in the following language: "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract, transaction *matter, happening or accident* upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint." It is to be noted that the words "matter," "happening" and "accident" are not in section 9151. These words, however, do not compel a different interpretation of our statute.

In the case of *Martin* v. *Hall,* supra, the court based its decision upon the word "transaction." That word is used in our statute and has been given a very liberal interpretation. (*Scott* v. *Waggoner,* 48 Mont. 536, 139 Pac. 454, L. R. A. 1916C, 491; *Mulcahy* v. *Duggan,* 67 Mont. 9, 214 Pac. 1106, 1108.) In the *Mulcahy Case* this court approved the language used in the case of *Story, etc., Commercial Co.* v. *Story,* 100 Cal. 30, 34 Pac. 671. That language is as follows: "The transaction is not limited to the facts set forth in the complaint, but includes the entire series of acts and mutual conduct of the parties in the business or proceeding between them which formed the basis of the agreement."

The reasoning and logic of the California court in overruling the case of *Yorba* v. *Ward* appeals to us as sound. In the case of *State ex rel. Union Central Life Ins. Co.* v. *District Court*, 102 Mont. 371, 58 Pac. (2d) 491, application of the rule announced in *Callender* v. *Crossfield Oil Syndicate*, supra, was re-affirmed in part but disaffirmed in some respects. We now overrule the holding in the *Callender Case* and others adhering to it to the effect that a cross-complaint must to some extent defeat, overcome or affect plaintiff's cause of action. The statute is not open to such an interpretation. Confronted with those cases, the district court could reach no other conclusion than it did. Since those cases are hereby overruled, it follows that the judgment of the court based thereon must be reversed.

In the solution of this case we are necessarily confronted with the statute in regard to counterclaims. Those sections and the cross-complaint sections offer an opportunity to the defendant to obtain affirmative relief against the plaintiff. To a large extent they are duplicate remedies. David R. Mason, Professor of Law at the Montana State University, in an article entitled "Counterclaims in Montana" (Montana Law Review, Spring 1942, page 33), has, with scholarly excellence, traced the history of the use of counterclaims under our statutes. He points out the trend toward liberality in the use of both cross-complaints and counterclaims. It would seem that the legislature might well consolidate our counterclaim and cross-complaint remedies. However, both remedies are upon our statute books and until the legislature sees fit to be more definitive, we must give effect to both in the manner which appears to us to be consistent with the legislative intent.

Because of the holding on the main question, the other questions in this case require no consideration. The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

OPINION ON MOTION FOR REHEARING

(Filed November 24, 1942.)

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On motion for rehearing the point is made that the foregoing opinion should be made to operate prospectively only and that it should have no application to past transactions. Plaintiff relies upon the rule announced in *Montana Horse Products Co.* v. *Great Northern Railway Co.*, 91 Mont. 194, 7 Pac. (2d) 919, and *Continental Supply Co.* v. *Abell*, 95 Mont. 148, 24 Pac. (2d) 133, and kindred cases from other jurisdictions. We have given consideration to this contention, but in our opinion the rule contended for does not affect this case. The point under consideration here as to which prior decisions of this court were overruled has to do with a remedial or procedural question, and not with any substantive or vested property right.

It is contended that attorneys relying upon the prior decisions of this court have advised their clients accordingly and that litigants may have relied upon those decisions in making conditional sales contracts, and that to now change the law and make it applicable to past transactions would work an injustice. To adopt the rule contended for by plaintiff and apply it to this case would mean that lawyers could advise their clients to breach their contracts with respect to property sold under conditional sales contracts, and notwithstanding this fact the possession of the property might be recovered without the right of the vendee to recover damages in the same action for such breach of contract. The rule against the change of judicial decisions as to past transactions was intended to protect the rights of the innocent under contracts made in reliance upon those decisions. The rule was never designed to aid a wrongdoer. We do not presume to say that the plaintiff here is a wrongdoer, but only say that the allega-

tions set up in the cross-complaint charge plaintiff with wrong-doing, resulting in damages to the defendant. This is a subject matter which we now hold may be litigated under the cross-complaint notwithstanding former decisions to the contrary which have been expressly overruled.

The motion for rehearing is denied.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICK-SON, ANDERSON and MORRIS concur.

## ON MOTION FOR RECALL OF REMITTITUR

(Filed December 24, 1942.)

Per Curiam: In this action after the motion for rehearing was denied and the remittitur issued plaintiff filed a motion to recall the remittitur and to affirm the judgment of the district court.

The point relied upon is that we overlooked determination of a point of law raised on motion for rehearing. This is not a sufficient ground for recalling the remittitur. (*Kimpton* v. *Jubilee Placer Mining Co.*, 16 Mont. 379, 42 Pac. 102.) The motion must be denied. But were we to consider the motion on its merits the result of our original opinion would not be changed. The point now relied upon by plaintiff is that we overlooked passing upon the question of whether the cross-complaint states facts sufficient to constitute a cause of action in favor of defendant and against the plaintiff. Plaintiff contends that it is insufficient. The trial judge did not pass upon its sufficiency and we likewise did not.

We have given consideration to the point and are satisfied that the cross-complaint states facts sufficient to entitle defendant to at least some relief against plaintiff and that being so evidence thereunder should be received.