McCONNELL, Relator, v. DISTRICT COURT OF SEVENTEENTH JUDICIAL DIST. et al., Respondents.

No. 8751

Argued May 26, 1947. Decided July 1, 1947.

182 Pac. (2d) 846

Mr. George E. Hurd, of Great Falls, and Mr. Emmett C. Angland, of Butte, for relator.

Mr. James T. Shea, Mr. C. H. Roberts and Mr. John Marriott Kline, all of Glasgow, and Mr. Wellington D. Rankin and Mr. Arthur P. Acher, both of Helena, for respondents.

MR. JUSTICE CHEADLE, delivered the opinion of the Court.

Relator applies for a writ of mandate or other appropriate writ, asking that a certain judgment entered in the case of Pioneer Engineering Works, Inc., Plaintiff, v. P. H. McConnell, De-

fendant, be set aside and annulled. This case has before been in this court, being reported in 113 Mont. 392, 130 Pac. (2d) 685 and 132 Pac. (2d) 160.

Briefly, the action involves an agreement between the parties under the terms of which the defendant ordered from plaintiff a certain plant and machinery to crush, wash and grade gravel and sand, which plant was erected at a sand and gravel pit near the town of Nashua, Montana, and was to be used to process sand and gravel for use in a power plant building to be erected by the United States near the Fort Peck dam. After the initial payment the defendant defaulted in the subsequent installments, whereupon plaintiff terminated the contract and asserted its right to possession of said plant and machinery and commenced this action to determine such right. By his answer and cross-complaint the defendant alleged that such machinery had never been put in suitable condition by the plaintiff to accomplish the purposes for which defendant had ordered it, resulting in the failure of the defendant to fulfill his contract with the United States. The cross-complaint seeks damages for such failure on the part of the plaintiff. It is alleged in the cross-complaint that the order signed by the defendant was not to become effective until such time as plaintiff had put the plant and machinery in proper condition to accomplish the purposes for which it was ordered.

The pleadings in said cause have remained unchanged since the decision of this court, supra. In the original decision this court considered the refusal of the trial court to hear evidence on the cross-complaint or counterclaim. The judgment of nonsuit on the cross-complaint was reversed and the cause remanded for a new trial. In the opinion on motion for rehearing [113 Mont. 392, 130 Pac. (2d) 687] it is said: "We do not presume to say that the plaintiff here is a wrongdoer, but only say that the allegations set up in the cross-complaint charge plaintiff with wrongdoing, resulting in damages to the defendant. This is a subject matter which we now hold may be litigated under the

cross-complaint notwithstanding former decisions to the contrary which have been expressly overruled.''

In denying motion for recall of the remittitur [113 Mont. 392, 132 Pac. (2d) 161], this court said: ''We have given consideration to the point and are satisfied that the cross-complaint states facts sufficient to entitle defendant to at least some relief against plaintiff and, that being so, evidence thereunder should be received.''

Briefly, the ground upon which relator bases his demand for relief is the action of the trial court in granting plaintiff's motion for judgment and entering judgment in plaintiff's favor on its complaint, and dismissing defendant's counterclaim or cross-complaint.

Trial of this case consumed practically two months. Trial was commenced on February 3, 1947, the plaintiff being represented by five attorneys and the defendant by George E. Hurd, Esq., and Emmett C. Angland, Esq., with the respondent, Hon. Lyman H. Bennett judge presiding. It continued until March 5, 1947, at which time the trial judge was advised that Mr. Hurd had become ill the preceding day. On that date the trial judge stated that he had been contemplating a recess for the purpose of studying the legal points involved and that he was not well and would take the occasion to seek medical care, and ordered a recess until 9:30 a. m. on March 13th. When court convened on that date, Mr. Hurd was still physically unable to attend the trial and the judge and plaintiff's counsel were so advised. From March 13th to March 24th Mr. Angland continued in the trial of the case, and he also became seriously ill on the latter date, his illness being diagnosed by the attending physician as moderately severe nervous exhaustion. It reasonably appears from the record that neither Mr. Hurd nor Mr. Angland were physically able to proceed with the trial on March 24th and that this situation was brought to the trial court's attention. It also appears that the defendant was unable to secure other counsel to proceed in the trial of the case. The trial was thereupon recessed until 1:30

p. m. on March 25th and again until 9:30 a. m. on March 28th. In the meantime there was considerable consultation between the defendant's son and the trial judge with reference to the granting of a continuance until such time as defendant's counsel were able to continue with the trial. No written application for a continuance was made however, although it may be inferred from the court's remarks that a verbal application was made, and in his remarks prior to disposing of the case on March 28th, the trial court indicated that any application for a continuance under the circumstances would be futile and useless.

The record before us consists of the petition and respondents' answer thereto, certain exhibits attached to the petition, including a copy of judgment in plaintiff's favor, affidavit of Dr. Agneberg with reference to Mr. Hurd's physical condition, various affidavits and a transcript of certain statements by and orders of the trial court, together with the court reporter's transcript of the proceedings from March 13th through March 24, 1947.

Without discussing the record in detail, it appears that after the trial had continued for approximately two months, the trial judge had become convinced that the evidence theretofore submitted by the defendant was insufficient to prove or tend to prove the allegations of his cross-complaint, or to sustain his theory therein set forth. Prior to termination of the trial the defendant had for about six days been attempting to substantiate such theory. From such testimony and from certain offers of proof the court concluded that in this he had been unsuccessful, and also that it would not be possible for the defendant to sustain his allegations. The following statements of the trial court in the record indicate his attitude. On March 24th he stated: "The court is now convinced that as yet there is a failure of proof from which a jury could find a liability of the plaintiff in this case to the defendant upon the issues as tendered by the cross-complaint, and unless there can be offered testimony—and the court doubts whether under the allegations under the cross-complaint and the testimony already in, such testimony can be offered—

258

showing the execution of a contract such as is alleged in the cross-complaint and the complete terms thereof, the testimony now under consideration is admissible. In announcing this ruling, the court is taking into consideration the rule of the 'law of the case' as promulgated by the opinions upon the appeal of this case found in 113 Mont. 392 et seq., 130 Pac. (2d) 685, 132 Pac. (2d) 160, that is to say; the conclusions stated in the opinion on motion for recall of remittitur by the language 'that the cross-complaint states facts sufficient to entitle defendant to at least some relief against the plaintiff and that being so, evidence thereunder should be received.' ''

Mr. Angland then moved for a mistrial and in denying the motion, the trial court stated: ''I myself cannot now say what will be accomplished by prolonging the trial beyond this point. I have endeavored at every stage to extend to counsel for the defendant every opportunity I thought he was decently entitled to * * * to present such further testimony upon what I will now term foundational fact to determine or affect the admissibility of other testimony. There being no offer of any further proof, it seems to me that it would be proper to entertain a motion for nonsuit at this state.''

Prior to that date the trial court stated: ''It may be that my conviction may be more clearly expressed as follows: That, in order to support a judgment in this case in favor of the defendant under the allegations of the cross-complaint, there must be competent evidence to prove that there was an agreement that the 'order,' now referred to as Exhibit A, attached to the cross-complaint herein, 'would not ripen into a contract' between the parties hereto, and that it was understood and agreed that, when and if the plant mentioned in said order did operate, the conditions of the sales order would become and only then become binding upon the defendant. I do not believe that any inference is possible from any evidence already introduced or offered and either under advisement or rejected which would even tend to prove the existence of such a contract as I have indicated.''

We think it clear from the above-quoted statements and other statements of the trial court, that it was convinced, after a consideration of the evidence submitted that it would be impossible for defendant to prove the pertinent allegation of his cross-complaint. Apparently his disposition of the trial was prompted by such conviction, even though the defendant had not rested his case and the disposition was effected in the absence of defendant's counsel. Apparently also the court's indication that a motion for continuance of the trial would be futile was based upon the same conviction; that is, that the defendant would not be able to prove the agreement alleged even though the trial were continued and the defendant later permitted to submit additional evidence.

On March 28th, prior to making of the judgment, the court said: ''The record may also show again that Mr. McConnell has intimated that he is considering an application for further postponement or postponement and continuance. I am endeavoring to approach the answer to these problems and to give consideration to the adequate protection of the defendant's position by way of a motion for a new trial, if the court finally concludes that nothing further can be done by taking testimony now. I believe that a motion for a new trial can be so prepared that abuse of discretion, if it should be such, which the court might have committed or might commit, could be reviewed on a motion for a new trial, and it is my considering all that has been called to my attention that it is not reasonably possible to assume that an adequate application for continuance or postponement can be made, and I think at this time that the record discloses that the defendant is desirous of asking and has asked orally that it might be continued, that the trial be continued, but in the light of the background, that is; the motion which was made by Mr. Angland and denied [motion for a mistrial], I feel also that that can be disposed of in a motion for a new trial, and I think it is proper at this time to decline to entertain a motion for postponement and I indicate that I, in the light of the defendant's position,

that I cannot proceed further, I will have to assume that from henceforth he stands mute and declines to proceed. I am very reluctant to indicate that, but I feel it is the only correct answer to the problem and to that end, I will now entertain a motion, a motion for a new trial can never be made until the case has been disposed of by judgment. I will now entertain such application as counsel for the plaintiff may enter.''

With respect to plaintiff's motion for nonsuit and dismissal of the cross-complaint the following ruling was made in open court: ''Court: I have read the motion for nonsuit. It raises a number of questions that the court, that is, the court has been conscious of all questions that are raised thereby. I am not now prepared to say that all of the matter that had been concluded as a motion called for or each of these objections of the motion pertain. However, broadly speaking, I feel that it indicated, that is, it goes, that is, required me in the light of the present record to grant the motion and it is so granted. A judgment of dismissal of the cross-complaint will be entered. Incidentally, before we can proceed to that, the record should also have shown all offers of proof, included within exhibits 222 to 228 inclusive. The objections thereto were sustained and they are rejected. You folks understand. Mr. McConnell, you know what the matter is. That is those summaries on the damage theories.''

On the same date the court made and entered judgment that the plaintiff is entitled to the return and possession of the personal property described in the complaint and for its costs.

Relator contends that the record discloses a number of errors, including the hearing and granting of motion for judgment in plaintiff's favor on its complaint and a motion for nonsuit on defendant's cross-complaint in the absence of defendant's counsel; that in granting said judgment and motion, the court did not give full effect to the decision of this court, supra; that defendant had not rested his defense against plaintiff's complaint nor had he rested his case in the presentation of evidence in support of his cross-complaint; in filing defendant's offer of proof No. 3

(which had not been formally offered but had been presented to the court and counsel for examination) and receiving plaintiff's objections thereto in the absence of defendant's counsel, and sustaining such objections; in not having ruled prior to the granting of plaintiff's motion for judgment and motion for nonsuit on the admissibility of exhibits offered during the course of the trial and seeking to have the record show that the rejection of those exhibits had been made prior to the making of the motion for judgment on plaintiff's complaint and for an order of nonsuit on defendant's cross-complaint; in ruling that an application for continuance would be futile, and, in effect, denying the right of defendant to make such application.

For the above reasons relator contends that the actions of the trial court on March 28th were null and void and should be set aside.

The primary question presented is whether under the facts disclosed by the abbreviated record the relator is entitled to issuance of the writ prayed for. It is intimated that plaintiff's remedy is either by a writ of mandamus or a writ of supervisory control. Many decisions of this court hold that by virtue of the provisions of section 9849, Revised Codes, a writ of mandate will issue only in those cases wherein there is no plain, speedy and adequate remedy in the ordinary course of law. State ex rel. Duggan v. District Court, 65 Mont. 197, 210 Pac. 1062; State ex rel. Malone v. District Court, 74 Mont. 488, 241 Pac. 240. And this court has consistently held that the writ of supervisory control is an extraordinary remedy to be used only in the absence of other adequate relief. State ex rel. Barron v. District Court, Mont., 174 Pac. (2d) 809; State ex rel. O'Sullivan v. District Court, Mont., 175 Pac. (2d) 763, and see State ex rel. Harris v. District Court, 27 Mont. 280, 70 Pac. 981.

The trial court indicated that if error had been committed in the conduct of the trial defendant's proper relief was by a motion for a new trial. No motion for a new trial was made, but nevertheless it is our view that all of the errors now assigned may

be urged on an appeal from the judgment and that therefore an appeal from the judgment will afford adequate relief to the defendant. This being so relator is not entitled to the relief now prayed for. It is true that an appeal would involve delay and expense but these do not constitute grounds for the substitution of the remedy sought for the ordinary procedure of appeal. State ex rel. O'Sullivan v. District Court, supra; State ex rel. Furshong v. District Court, 105 Mont. 37, 69 Pac. (2d) 119.

It would appear that under the circumstances, the trial court, in the exercise of its discretion, might reasonably have granted a continuance, on terms, even on its own motion. However, not having the evidence, offered and received, before us, we cannot say that the intimation by the court that any application for continuance would have been refused constituted an abuse of discretion. This is true also of the court's action in giving judgment and dismissing the cross-complaint before the defendant had rested his case. And we think no valid reason has been shown for defendant's failure to submit a formal motion for continuance, or to file motion for a new trial within the statutory period.

Ordinarily, of course, a trial court may not terminate a trial by judgment before both parties have completely submitted their cases and rested. But we think an exception to this rule applies in cases where it appears from one party's evidence that no judgment in his favor would be proper. Skelton v. Schacht Motor Car Co., 22 Cal. App. 144, 133 Pac. 504; Dineen v. City and County of San Francisco, 38 Cal. App. (2d) 486, 101 Pac. (2d) 736. It may be, of course, that the trial court in this instance committed reversible error in granting the judgment and motion, but in the absence of the evidence, and in view of the presumption of the correctness of judgments of trial courts, we may not now so conclude. Had relator made a proper showing, either in the trial court or here, of additional evidence to be presented, and that it would have been such as to require submission of the

case to the jury, our conclusion might be otherwise, as might that of the trial court.

The situation presented is regrettable, both from the viewpoints of the litigants and the county which may be put to expense in addition to the substantial amount already incurred. While we feel that the sensible and logical procedure would have been to continue the trial, we feel that our conclusion is indicated by the reasons above set forth. And we feel that the disposition we have decided upon is the more likely to insure substantial justice to all concerned.

It has been indicated to this court that, should it be necessary, the plaintiff has stipulated to an extension of the statutory period for perfection of an appeal, should an appeal be decided upon. Should it later appear necessary, this court will favorably consider an application for a reasonable extension of time within which to file transcript.

Respondents' motions to quash the alternative writ and to dismiss the petition are granted, and the alternative writ is hereby quashed and the petition dismissed.

Associate Justices Choate, Angstman, and Metcalf, concur.

Mr. Chief Justice Adair:

I concur in the result but not in all that is said in the foregoing opinion.