J. S. MORAN, RELATOR AND APPELLANT, *v.* BOARD OF COUNTY COMMISSIONERS OF CUSTER COUNTY, RESPONDENT.

TONGUE AND YELLOWSTONE RIVER IRRIGATION DISTRICT, INTEVENOR.

No. 10182.

Submitted June 9, 1961. Decided August 16, 1961.

363 P.2d 1073.

Colgrove & Brown, Hugh J. Lemire, Miles City, for appellant. Hugh J. Lemire argued orally.

John R. Carr, Miles City, argued orally, for respondent.

James P. Lucas, Miles City, for intervenor.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal by the relator, J. S. Moran, from a judgment of the district court of Custer County quashing a writ of mandate.

The record discloses that from 1921 through 1926 the Tongue

and Yellowstone River Irrigation District, a public corporation, levied an assessment for irrigation against the Richland Addition of Custer County. Included in the assessment were 63 lots, which are presently owned by the relator. The assessment was levied on the lands as a unit instead of against each respective lot owner then of record. The assessment was not paid and a tax sale certificate was issued to Custer County.

In 1949 a breakdown of the unit assessment to a lot basis was made. The county treasurer then notified each owner of the amount necessary to redeem. Relator, on September 18, 1952, because he was negotiating a sale, paid the county treasurer $750.40 and received a certificate of redemption. Thereafter, in February, 1958, relator filed a claim for refund of the taxes paid, alleging that the taxes had been erroneously collected. The claim was rejected by the board of county commissioners of Custer County.

After the rejection of the claim by the county commissioners, relator brought this action in mandamus seeking to compel the county commissioners to refund the $750.40, plus interest. Relator's claim was based on section 84-4176, R.C.M.1947, and the decision of this court in Vail v. Custer County, 132 Mont. 205, 315 P.2d 993.

The Vail case involved an action to quiet title to certain lots in the Richland Addition of Custer County. The question in that case was whether the plaintiff held title in fee to the lots or whether it was clouded by the lien of special assessments for water charges. We held that as the special assessments were made *en bloc*, and not individually, the special assessment attempted by the Tongue and Yellowstone Irrigation District was void and it created no lien.

Section 84-4176, in part, provides: ''Any taxes, percentum and costs, heretofore or hereafter, paid more than once or erroneously or illegally collected, and any part or portion of taxes paid which were mistakenly computed on government bonus or subsidy received by the taxpayer, may, by order of

the * * * county commissioners, be refunded by the county treasurer. * * * ''

The district court quashed the writ of mandate concluding that the relator has or had a plain, speedy and adequate remedy at law.

Mandamus is an extraordinary remedy and will not issue if there is a plain, speedy and adequate remedy in the ordinary course of the law. This principle is stated in section 93-9103, R.C.M.1947, and is supported by numerous decisions of this court. State ex rel. Duggan v. District Court, 65 Mont. 197, 210 P. 1062; State ex rel. Malone v. District Court, 74 Mont. 488, 241 P. 240; State ex rel. McConnell v. District Court, 120 Mont. 253, 182 P.2d 846; Stewart v. State of Montana, State Bd. of Equalization, 135 Mont. 323, 340 P.2d 151.

This court is of the opinion that the district court was correct in its conclusion that relator has or had a plain, speedy and adequate remedy at law. Without entering into a general construction of section 84-4176, supra, we will say that if this statute creates a right to have refunded an erroneous payment of taxes then it is apparent that there does exist an adequate remedy at law for the enforcement of this right.

Therefore, as there existed or exists a plain, speedy and adequate remedy at law, the judgment of the district court quashing the writ of mandate was well-founded. The judgment is affirmed.

MR. JUSTICES ADAIR, CASTLES and DOYLE concur.