THE STATE OF MONTANA EX REL. MONTANA HOSPITAL ASSOCIATION, INC., A MONTANA CORPORATION, PLAINTIFF AND APPELLANT, *v.* J. GEORGE PITCH, JAMES McCANN AND JOHN H. STEPHENS AS THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BLAINE, MONTANA, DEFENDANTS AND RESPONDENTS.

No. 10338.
Submitted April 14, 1962, on briefs. Decided June 7, 1962.
372 P.2d 90.

(349)

Brickett & Gabriel, Great Falls, Charles V. Huppe, Helena, .for appellant.

Charles L. O'Donnell, Chinook, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by the relator, Montana Hospital Association, from a judgment of the District Court of Blaine County, quashing a writ of mandate.

The record discloses that the relator was the assignee of a claim of the St. Joseph's Hospital, Lewistown, Montana, for medical care rendered one Carl Guse, also known as Carl Gruee. From the record it appears that Mr. Guse belonged to that rapidly disappearing occupation of sheepherding; that he suffered from a common disease of sheepherders, which resulted in his incarceration in the village jail soon after he came to town from his lonely stays at his work. Over a period of three years, Mr. Guse was a guest of Blaine County about eight times according to the testimony of Justice of the Peace Lewis. While the record is bare as to the length of these visits, it can hardly be contended that time served in the local jail could be used to establish residence. There was no testimony introduced where this lonely shepherd spent his time between his inebriate visits to civilization other than that he obtained limited welfare assistance from Blaine County three times during the three-year period. With the exception of a grant of $60 made to cover food and lodging in the cold month of February of 1955, the other grants were for overnight assistance before he left Chinook for his sheepwagon on the lonely prairie.

On January 29, 1958, the local authorities tired of his infre-

quent visits to town and according to the testimony of the Justice of the Peace, he was "run out of town". He was next heard of on July 29, 1958, some six months later, when the welfare worker at Judith Basin County was called to the sheriff's office in the county seat at Stanford to view the inert body of Carl, who according to the worker was "out cold". Inasmuch as there was no doctor in the town of Stanford and neither the sheriff, the two county commissioners nor the case worker could diagnose whether Carl was drunk and needed to sleep it off, or whether he needed medical attention, it was decided to send him to the nearest hospital located at Lewistown, Montana. The medical wisdom of these men is to be complimented for before leaving the hospital Carl used up $463.65 of the taxpayers' money in medicine, X rays, and other allied services. The only problem created by their decision was legal, and that is what is the residence of a floating sheepherder and can it be established by mandamus?

After Carl was sent to the hospital William Schweigert, the caseworker at Judith Basin County, investigated the case and a month later found that Carl had previously been in Blaine County. He called the caseworker in that county who told him in reply to a question of whether Carl Guse had previously been there, "Yes, this is the residence since we helped him in 1955." Based on this statement and the fact that Carl got his mail at Chinook from the Veterans Administration, the Judith Basin office determined that Blaine County was the legal residence of Carl and Blaine County should therefore pay for the hospital bill. They advised the hospital to present its bill to the Welfare Department of Blaine County. The bill was presented to the Commissioners by the Welfare Department and they turned it down for the claimed reason that Carl was not a resident of Blaine County.

After considerable negotiations, personal and through correspondence, relator filed a mandamus action in November

1960. It was heard by Judge Elwell on December 15, 1960, and ruled upon by him on February 8, 1961.

The District Court quashed the writ of mandate concluding that the rejection by the board of county commissioners of the claim submitted by the relator was not merely an administerial action but was one of discretion on the part of the board of county commissioners as provided by law.

 Mandamus is an extraordinary remedy and will not issue if there is a plain, speedy and adequate remedy in the ordinary course of the law. This principle is stated in section 93-9103, R.C.M.1947, and is supported by numerous decisions of .this court. State ex rel. McConnell v. District Court, 120 Mont. 253, 182 P.2d 846; Stewart v. State of Montana and State Board of Equalization, 135 Mont. 323, 340 P.2d 151, and Moran v. Board of County Commissioners of Custer County, 139 Mont. 351, 363 P.2d 1073.

 This court is of the opinion that the District Court was correct in its conclusion that there existed a plain, speedy and adequate remedy at law. Section 16-1801, R.C.M.1947, provides for an appeal to the District Court from a disallowed claim.

It is therefore apparent that the adequate remedy of law exists to enforce the relator's claim.

Therefore, as there existed or exists a plain, speedy, adequate remedy at law the judgment of the court quashing the writ of mandate was well-founded. The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR, DOYLE and CASTLES, concur.