No. 13028

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA, ex rel.
URIEL MAY et al.,

     Relators,

  -vs-

FRED HARTSON, Havre Bldg. Inspector and
Havre City Engineer,

     Respondent,

  and

RUDY TRAMELLI and BOB MURRAY,

    Intervenors and Respondents.

---

Appeal from: District Court of the Twelfth Judicial District,
     Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

 For Relators:

   Weber, Bosch, Kuhr, Dugdale, Warner and Martin,
   Havre, Montana

 For Respondents:

   Church, Harris, Johnson & Williams, Great Falls,
   Montana
   Charles Lovell argued and Robert P. Goff argued,
   Great Falls, Montana
   Waldo N. Spangelo argued, Havre, Montana

---

       Submitted: July 30, 1975

        Decided: AUG 12 1975

Filed: AUG 12 1975

   THOMAS J. KEARNEY

        Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment and decree denying appellants their request for a writ of mandate instructing the city of Havre's building inspector to command Rudy Tramelli and Bob Murray, Jr., Contractors, to conform their apartment buildings which are now in the process of being built to the zoning requirements of residential rather than commercial buildings.

The city of Havre on August 5, 1974, adopted a new zoning ordinance. The ordinance, City of Havre Ordinance No. 599, allows about 370 different uses for the various zoning districts. Through a clerical error, the ordinance failed to provide for the building of apartment houses in any one of the zoning districts under the ordinance. However no party to this dispute contends that the building of apartment buildings is in violation of the zoning ordinance.

Rudy Tramelli and Bob Murray, Jr., hereinafter referred to as Builders, in December of 1974 went to Havre and took options on two parcels of land for the purpose of building two 12-plex apartment houses. The two building sites are located in an area zoned Commercial-Local. The two sites consist of lots 37 through 40 and lots 41 through 44 in Highland Park Addition to the city of Havre.

In mid-January 1975, the Builders contacted the office of the city engineer and building inspector in Havre and described to Deputy Gerald Grabofsky the two parcels of land under option and asked what was required in order that a 12-plex apartment house could be located on each parcel. Requirements for building set-back were outlined by Grabofsky in that and subsequent telephone conversations upon which the Builders relied in preparing their site and plans for the two buildings. The apartment buildings were each to be set back from Eleventh Street a distance of thirty feet,

from Washington Avenue a distance of thirty-nine feet, from the alley a distance of thirty feet, and from the adjoining lots to the north and south a distance of thirty-eight feet. On this same date, because they had been advised orally by the City that they had complied with all requirements, the Builders exercised their option to purchase the two parcels of land to be used as the building sites for the apartment houses.

The building plans and plot plans were reviewed by building inspector Hartson and his assistant Grabofsky. The City requested changes to bring the buildings into conformance with the Uniform Building Code which changes were agreed to by the Builders. On February 4, 1975, building permits were issued by the City for each of the two 12-plex apartment buildings. The City determined that the set-back requirement of 30 feet from the alley for commercial buildings applied, as opposed to the 40 feet requirement for residential property.

On February 17, 1975, the two building sites were surveyed and the four corners of each site were staked.

On March 3, 1975, Murray with his foreman located the buildings on the two building sites and began excavation. Immediately following, the footings for the foundations were poured. The daylight basement partitions were framed and framing of exterior walls up to the second floor level was completed. At the time of the hearing, the Builders had invested approximately $114,000 in the land and buildings and the project was one-third completed from a cost standpoint.

On the afternoon of Friday, March 21, 1975, Grabofsky went to the building site and notified Builders' foreman that he had been requested to tell them that there was a possible error in the set-back of the buildings from the alley. Builders were not requested to stop work nor were they requested to change the

buildings in any way.

At a neighborhood meeting on Sunday, March 23, 1975, in response to questions and objections from people present, Grabofsky stated that there was a possibility of error; and, that if the error was confirmed, construction would be halted until a solution was found. By Tuesday, March 25, 1975, the building engineer decided that apartment buildings were a commercial use and were in compliance with the zoning ordinance.

Various Residents, who are now appellants in this appeal, brought this action on March 26, 1975, the day after learning of the building inspector's reaffirmation of his previous determination that there was no violation. Residents petitioned the district court to issue a writ of mandate requiring the building inspector to issue written notice to Builders specifying that the two 12-plex apartments which they were building failed to conform to Ordinance No. 599 in that the buildings did not meet the setback requirements of the zoning ordinance and further commanding the City to take all other necessary and proper steps to enforce the Ordinance including but not limited to initiation of appropriate civil and criminal proceedings as provided for in section 11-2708, R.C.M. 1947, and Ordinance No. 599. Residents further sought an award of attorney's fees and other damages and costs of suit. Builders' motion to intervene was granted without objection. Each of the parties appeared through counsel and presented testimony and documentary evidence to the district court sitting without a jury. Briefs were filed and the court entered its findings of fact, conclusions of law, and decree. The court concluded that the City, its officials and agents, including Hartson, the building inspector and city engineer, were estopped from taking the action which the Residents sought to require of them and decreed that the Residents' application be denied and the alternative

writ of mandate quashed. Residents have appealed from that decree.

Numerous issues were raised by all sides on this appeal. However, we find it unnecessary to discuss any issue other than the impropriety of the remedy of mandamus in this action.

This Court has often discussed when a writ of mandate may be properly issued. Issuance of a writ of mandate is controlled by statute. It is an extraordinary remedy to be permitted only when no other adequate remedy lies. See Kennedy v. District Court, 121 Mont. 320, 194 P.2d 256.

Sections 93-9102 and 93-9103, R.C.M. 1947, define the circumstances under which a writ of mandate may issue:

> "93-9102. When and by what court issued. It (writ of mandamus) may be issued by the supreme court or the district court, or any judge of the district court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person.

> "93-9103. Writ--when and upon what to issue. The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It must be issued upon affidavit, on the application of the party beneficially interested." (Emphasis supplied)

The burden is therefore upon Residents, as applicants for a writ of mandate, to establish sufficient facts to entitle them to relief. Among the facts which they must establish is the fact that there is no other remedy available to them. See Duggan v. District Court, 65 Mont. 197, 210 P. 1062. Residents in this case introduced no evidence to support their contention that they had no speedy and adequate remedy at law. To the contrary, the secretary of the Zoning Board of Adjustment, Gerald Grabofsky, testified that to his knowledge no appeal had been taken from the

issuance of the permits in question or any other related action of the office of the building inspector.

Article 18 of City of Havre Ordinance No. 599, entitled "Enforcement", p. 23, provides in pertinent part:

"This Ordinance shall be enforced by the Building Inspector or his assistants, subject to such variations and interpretations which may be made by the Board of Adjustment. Appeal of any decision of the enforcing officer, may be made to the Board of Adjustment as provided in the law of the State of Montana."

In section 11-2707(3),(4),(5), & (6), R.C.M. 1947, this right of appeal is set forth statutorily:

"(3) Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board, or bureau of the municipality affected by any decision of the administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all papers constituting the record upon which the action appealed was taken.

"(4) * * *

"The board of adjustment shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time. Upon the hearing any party may appeal in person or by attorney.

"(5) The board of adjustment shall have the following powers:

"To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this act or of any ordinance adopted pursuant thereto.

" * * *

"(6) In exercising the above-mentioned powers such board may, in conformity with the provisions of this act, reverse or affirm, wholly or partly, or modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision, or determination as ought to be made, and to that end shall have all the powers of the officer from whom the appeal is taken."

This Court has held that where the right of appeal exists, a writ of mandate will not issue since the appellants have a "plain, speedy and adequate remedy in the ordinary course of law." See Malone v. District Court, 74 Mont. 488, 241 P. 240.

This is the first time that Ordinance No. 599 has been interpreted with respect to any applications for building permits for apartment buildings since its adoption. The building inspector determined that commercial set-back regulation applies to apartment buildings. The Board of Adjustment has the right to review that determination on appeal under section 11-2707.

The Residents argue that any such appeal would not be speedy for the statute has an indefinite notice and hearing period. We cannot agree. The statute calls for a reasonable notice and hearing period. To assert that such notice and hearing period would be lengthy is mere speculation on the part of Residents.

Residents also argue that the Board has no power to pass on the validity of the zoning ordinance itself. We find such argument irrelevant for the Residents do not challenge the validity of the ordinance. Their appeal is directed to the interpretation of the ordinance.

Residents further argue that the Board cannot determine if the City is estopped to enforce the ordinance or if Residents are guilty of laches. However, such questions do not become important until it has been determined if the interpretation of the ordinance by the building inspector is invalid. We must keep the donkey before the cart.

Finally, Residents argue that the Board could not enforce any decision once it was made. We find, however, that the appeal statute allows for sufficient enforcement of the Board's decision.

This Court therefore finds that section 11-2707 provides Residents with a speedy and adequate remedy at law, and therefore hold that a writ of mandate will not lie in this case.

Further, in light of our decision in Barker v. Town of Stevensville, 164 Mont. 375, 523 P.2d 1388, 31 St.Rep. 496, we hold that the city of Havre was estopped in revoking its building permit after it was issued and the Builders relied on it to their detriment and we affirm the district court finding. Even if Builders had reviewed the zoning ordinance themselves as argued by Residents, nowhere could they have discovered the building permit was erroneously issued, if indeed it had been.

The decree of the district court is therefore affirmed in all particulars.

_Wesley Castles_
_____
Justice

We concur:

_Albert Harrison_
_____
Chief Justice

_John Conway Harrison_
_____

_Gene B. Daly_
_____

_Frank I. Haswell_
_____
Justices